**STATE of Iowa, Appellee,**

v.

**Raymond CLARK, Appellant.**

No. 68816.

Supreme Court of Iowa.

July 18, 1984.

Rehearing Denied Aug. 16, 1984.

Charles L. Harrington, Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Marcia Mason, Asst. Atty. Gen., and Dan L. Johnston, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ, and WOLLE, JJ.

UHLENHOPP, Justice.

This appeal presents questions of speedy trial and imposition of a third-offense penalty when the previous two convictions occurred on the same day. No claim is made that the two prior convictions arose from the same occurrence.

On November 18, 1981, the Polk County Attorney charged defendant Raymond Clark with third-offense operating a motor vehicle while intoxicated (OWI). Arraignment was scheduled for December 10, 1981, but was not held until December 18, 1981, because Clark failed to appear on the earlier date. Trial was scheduled for February 3, 1982, but Clark again failed to appear and a warrant issued on February 11, 1982, for his arrest. He was subsequently taken into custody, and on February 23, 1982, trial was rescheduled for June 1, 1982.

On March 10, 1982, Clark entered a plea of guilty. Five days later, with permission of the court, he withdrew his plea. The trial date of June 1, 1982, was then reinstated.

On the day of trial Clark filed a motion to dismiss the information based on denial of his statutory right to speedy trial. Iowa R.Crim.P. 27(2)(b). The trial court overruled the motion, and on June 3, 1982, a jury found Clark guilty of OWI. Clark stipulated that he had twice before been convicted of OWI, both convictions having occurred on January 23, 1980. The court sentenced him as a third offender to a term of imprisonment not exceeding five years. Clark appealed.

■ I. *Speedy trial.* Iowa rule of criminal procedure 27(2)(b) requires that a defendant be brought to trial within ninety days of indictment. "Indictment" encompasses a trial information. *See State v. Petersen,* 288 N.W.2d 332, 334 (Iowa 1980). When trial is not commenced within the ninety-day period the court must dismiss the information unless (1) the defendant has waived his right to a speedy trial, or (2) the delay is attributable to the defendant, or (3) "good cause" exists for the delay.

*State v. Bond,* 340 N.W.2d 276, 279 (Iowa 1983); *State v. Hamilton,* 309 N.W.2d 471, 475 (Iowa 1981); *State v. Petersen,* 288 N.W.2d at 335.

We have decided several cases which have some analogy to the present one. Initially Clark was not promptly tried because of his own failures to appear, first for arraignment and later for trial. A similar situation, although more aggravated, existed in *State v. Lyles,* 225 N.W.2d 124 (Iowa 1975). Lyles failed to report his appearance, and his subsequent addresses were unknown. We said:

> Although the State, not the defendant, has the obligation to bring a defendant to trial, delay attributable to the defendant may constitute good cause preventing the State from carrying out its obligation. The State's duty to provide a defendant a speedy trial does not require that it play a game of hide-and-go-seek with him.
>
> In this case defendant admits he was on notice he was to appear for arraignment in district court on a certain date. When he appeared at the courthouse in response to this notice, he should have made his presence known either to the court or county attorney's office. The delay in processing his case caused by his failure to do so and his subsequent failure to advise even the pretrial release office of his various addresses is attributable to defendant, not the State.

*Id.* at 126 (citations omitted).

After Clark failed to appear for trial, officers rearrested him and the court reset the trial. Clark's next step was to plead guilty. Although an appeal and remand were involved, we dealt with the effect of a guilty plea on the speedy trial requirement in *State v. Belieu,* 314 N.W.2d 382, 384 (Iowa 1982):

> Trial originally was scheduled within ninety days of our remand. Before trial commenced, defendant pleaded guilty, thereby waiving his right to trial [Iowa R.Crim.P.] 8(2)(b)(4). Of course, his right to a speedy trial derivatively was waived also. Both parties undoubtedly stopped

preparing for trial. Seventy-six days later defendant withdrew his guilty plea. On the same day, July 16, 1980, trial was reset for September 22, 1980. Trial commenced on that date, which was sixty-eight days after withdrawal of the guilty plea. This period is well within our speedy trial rules, and defendant was not denied his rule 27 rights.

Clark next withdrew his guilty plea. The district court then reset the trial again, for the same date it had set prior to the guilty plea. Finally, on the day of trial Clark moved to dismiss the case as not tried within ninety days of the information. The trial date was indeed considerably beyond ninety days of the information, but it was seventy-eight days from the time Clark withdrew his plea.

 We hold as in *Belieu* that trial was timely because it commenced within ninety days of withdrawal of the guilty plea. In analogous situations we have reached similar results. *State v. Wright*, 234 N.W.2d 99, 103 (Iowa 1975) (Sixty instead of ninety days allowed at that time, jury failed to agree in first trial: "We thus hold *as a rule of this court* that criminal cases must be retried within 60 days after mistrial, if the case is to be retried." Emphasis added.); *State v. Butler*, 243 N.W.2d 232 (Iowa 1976) (same; good cause shown for exceeding sixty days after mistrial); *State v. Lybarger*, 263 N.W.2d 545 (Iowa 1978) (mistrial for prosecutorial misconduct, *Wright* rule applied); *State v. Hamilton*, 309 N.W.2d 471 (Iowa 1981) (withdrawal of speedy trial waiver, ninety days runs from withdrawal); *State v. Fisher*, 351 N.W.2d 798 (Iowa 1984) (State's dismissal of prior action, ninety days runs from filing of new trial information).

The trial court did not err in overruling Clark's motion to dismiss.

II. *Prior offenses.* Clark's second proposition is that his two prior OWI offenses cannot be used to impose a third-offense penalty because those two convictions occurred on the same day. Third-offense OWI is a class "D" felony with a maximum penalty not exceeding five-years

imprisonment and a fine of $1000. The maximum penalty for second-offense OWI is imprisonment not exceeding two years and a fine of $5000. Iowa Code §§ 321.-281, 902.9(4), 903.1(1) (1981). Clark received a prison sentence not exceeding five years. No fine was imposed.

Before taking up the second proposition, however, we must decide whether we can consider it at all, as it was not raised in the trial court.

 A. The question of the applicability of the third-offense provisions of section 321.281 should have been raised in the district court. Normally, failure to do so waives the issue. *State v. Spoonmore*, 323 N.W.2d 202, 203 (Iowa 1982). Appellate review is not precluded, however, if failure to preserve error results from a denial of the due process right to effective representation. *State v. Tobin*, 333 N.W.2d 842, 844 (Iowa 1983); *State v. Schoelerman*, 315 N.W.2d 67, 71–72 (Iowa 1982). In some instances, a mistake in failing to preserve error may be sufficiently egregious to deny defendant his right to effective assistance of counsel under the sixth and fourteenth amendments to the United States Constitution. The United States Supreme Court has recently stated the issue thus:

> [F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable....
>
> ....
>
> As all Federal Courts of Appeals have now held, the proper standard for attorney performance is that of reasonably effective assistance....
>
> ....

[T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Strickland v. Washington,* —— U.S. ——, ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). *See State v. Rhiner,* 352 N.W.2d 258 (Iowa 1984); *State v. Miles,* 344 N.W.2d 231, 233 (Iowa 1984).

We confronted a problem similar to the present one in *State v. Schoelerman,* 315 N.W.2d at 72. There, trial counsel failed to raise an issue of an erroneous charge. He did not do so despite the existence of a statute specifically applicable to the defendant which imposed a thirty-day sentence and the fact that the defendant was charged under a general statute carrying a maximum ten-year sentence. We found that counsel had a duty to raise the issue, particularly because no decisions of this court foreclosed the point. Failure to do so denied defendant his constitutional right to effective assistance of counsel. *Id.* at 72–73.

In the instant case, trial counsel had a basis for arguing that "offense" as used in section 321.281 is synonymous with "conviction" as it is used in our habitual offender statute, section 902.8, and consequently, a third-offense OWI penalty could not be imposed where the two previous convictions occurred the same day. *State v. Barlow,* 242 Iowa 714, 46 N.W.2d 725 (1951); *State v. Hollins,* 310 N.W.2d 216 (Iowa 1981). No decisions by this court foreclosed such an argument.

■ Trial counsel had a duty to prepare adequately for trial. Whether preparation is adequate depends on the particular circumstances of each case. *Iowa Code of Professional Responsibility for Lawyers,* Canon 6, DR 6–101(A)(2). We believe a reasonably competent attorney would have found worth in raising the question pertaining to imposition of a third-offense OWI penalty founded on previous convictions occurring the same day. Failure to do so constituted a breach of an essential duty.

If trial counsel had raised the issue and had received a favorable ruling, Clark would have been subject only to a second-offense penalty, not the enhanced penalty for third offense. Prejudice thus appears.

We hold that Clark's due process right to effective assistance of counsel was violated. *See State v. Rhiner,* 352 N.W.2d 258 (Iowa 1984). We thus turn to the merits of Clark's second proposition.

B. Section 321.281(2) of the Code provides in relevant part:

A person convicted of a violation of this section, upon a conviction or a plea of guilty, is guilty of:

a. A serious misdemeanor for the first offense....

b. An aggravated misdemeanor for the second offense....

c. A class "D" felony for a third offense and each subsequent offense.

Section 902.8 of the Code provides in relevant part:

An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States.

Clark argues, as we understand, that for a defendant to be punished for second-offense OWI, he must have been convicted of OWI before he committed the second OWI. Similarly, for a defendant to be punished for third-offense OWI, he must have been convicted of an OWI before he committed a second OWI, and he must have been convicted of the second OWI before he committed the third OWI. We go with Clark's argument only part of the way. It involves two issues.

■ Issue one is the question whether each OWI must be complete as to commission and conviction before the next OWI is committed. We so held as to other crimes in the context of the general recidivism provision in section 902.8 which we have quoted. *State v. Hollins,* 310 N.W.2d 216 (Iowa 1981). We see no basis for a different rule for the OWI recidivism provision in section 321.281(2).

We cannot accept the argument, however, that a defendant must be convicted of second-offense OWI *as such* before he can be convicted of third-offense OWI. If a defendant is convicted of OWI a first time and subsequently again commits OWI but is charged with and convicted of first-offense OWI again, he may later be convicted of third-offense OWI if he subsequently commits OWI a third time.

Section 902.8 involved in *Hollins* uses the term "convicted". Section 321.-281(2), however, uses the term "offense" ("for the first offense", "for the second offense", etc.). Issue two is the question whether the term "offense" means something different from "convicted" or "convictions". This court has held that prior offenses in section 321.281 are "synonymous with convictions or judgments obtained in prior actions." *State v. Barlow*, 242 Iowa 714, 719, 46 N.W.2d 725, 728 (1951). We recently reaffirmed that construction of offenses. *State v. Ridout*, 346 N.W.2d 837 (Iowa 1984). We now again so hold.

Clark's prior two convictions occurred on January 23, 1980. No one suggests that the first conviction occurred, and Clark subsequently committed and was convicted of the second OWI on that same day. Hence only one of those first two convictions can be subsequently considered for enhanced punishment. Clark did, however, commit the present OWI and was convicted of it after the time of those first two convictions. Hence the judgment and sentence in the present case must be for second-offense OWI.

We return the case to district court for resentencing accordingly.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.