STATE of Iowa, Appellee,

v.

Thomas UEDING, Appellant.

No. 85–1652.

Supreme Court of Iowa.

Feb. 18, 1987.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., Patrick McCormick, Co. Atty., and Dennis Hendrickson, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

HARRIS, Justice.

There are three issues in this appeal which follows defendant's first-degree theft conviction and his adjudication as an habitual offender. Defendant challenges his sentence as an habitual offender, complains of the trial court's refusal to give a spoliation instruction and seeks to reserve a claim that he was denied effective assistance of counsel at trial. We affirm.

Defendant was arrested in Kansas after a high-speed highway chase which began as a result of a routine traffic violation. A Kansas state trooper gave chase to a pick-up truck after observing it force another vehicle onto the shoulder of the highway.

The chase extended over several miles back and forth on an interstate highway during which time the pickup truck exited, once by way of an exit ramp, and once by way of a grassy hill. At one point during the chase the officer was able to observe the pickup's driver, whom he later identified as defendant.

With the officer still in pursuit the pickup at last pulled into a rest area. With his gun drawn the officer ordered defendant out of the pickup and took him into custody. On de novo review we agree with the officer's trial testimony (disputed by defendant) that defendant was advised of his *Miranda* rights and thereafter admitted that he stole the truck and exchanged its license plates.

I. Defendant was found to be an habitual offender under Iowa Code section 902.8 (1985). He challenges the finding because it was based in part on a 1972 felony conviction (breaking and entering) for which he received a suspended sentence. Prior to 1977 our habitual offender statute called for enhanced penalties only on the basis of convictions which resulted in confinement. *See* Iowa Code § 747.5 (1971).[1] Defendant contended at trial and urges on appeal that his 1972 conviction cannot now enhance his penalty because it did not serve to do so in 1972.

Relying on *State v. Soppe,* 374 N.W.2d 649 (Iowa 1985), defendant claims an acquired right to have his 1972 conviction interpreted, for enhancement purposes, as it would have been interpreted in 1972. The State on the other hand contends the law at the time of the earlier conviction is not at issue; citing *State v. Hall,* 301 N.W.2d 729 (Iowa 1981), it urges the interpretation is to be made in accordance with the law as it exists when a person becomes accused as an habitual offender.

The question in *Soppe* was whether a deferred judgment for operating a motor vehicle while intoxicated could be used to enhance the punishment for a later conviction of the same offense. Under former law convictions with deferred judgments were not reckoned under Iowa Code section 321.281 to enhance second and subsequent offenses. But Soppe was faced with a 1984 legislative enactment which changed the rule by providing that "a deferred judgment pursuant to section 907.3 for an offense under this section [321.281] shall be counted as a previous violation." *Soppe,*

---

1. Under the 1971 code an habitual criminal was defined as a person who "has been twice convicted of crime, sentenced, and committed to prison ... for terms of not less than three years...." The section was revised in 1978 and now defines an habitual offender as a person "who has been twice convicted of any felony...."

374 N.W.2d at 652 (quoting Iowa Code § 321.281(2)(c) (1985)).

We held that Soppe's prior deferred judgment could not be counted against him after the change. *Soppe,* 374 N.W.2d at 653. The holding was however anchored on the peculiar and evaporating nature of a deferred judgment. We took care to point out the purpose of a deferred judgment: avoidance of a criminal record by expungement of the record upon successful completion of probation. *Id.* at 652. This valuable right accruing to the defendant impelled prospective and not retrospective application of the 1984 amendment.

The State is correct in insisting the present case is more like *Hall,* which did not involve a deferred judgment. Hall had been convicted of a felony in 1972, was paroled in 1974 and was restored to citizenship by executive clemency in 1976. In 1978 the legislature enacted Iowa Code section 724.26 which makes it a crime for any person who has been convicted of a felony to possess a firearm.

When Hall was thereafter found in possession of a firearm and was charged under section 724.26, he contended his 1972 felony could not enhance the penalty because it had ceased to exist by the executive order which predated the statute. We rejected this contention. We found no suggestion of a legislative intent to exclude prior felony convictions from the sweep of the statute. And we pointed out the case did not amount to retrospective application because the firearm possession occurred after the effective date of the statute. *Hall,* 301 N.W.2d at 731–32.

■ The present case, like *Hall,* involves an offense that occurred in violation of an existing statute. Enhancement of punishment is appropriate because Ueding was on notice of existing law and of the fact that his prior felony had not been expunged.

The assignment is without merit.

■ II. The trial court refused defendant's request to instruct the jury that if the State knowingly and intentionally destroyed evidence the jury could, if it chose, infer the destroyed evidence was adverse to the State and favorable to the defendant. *See* Iowa Uniform Jury Instructions (Criminal) No. 244. Defendant thinks he was entitled to the spoliation instruction because the stolen pickup truck was returned to its owner before defendant had an opportunity to have it examined for fingerprints.[2]

■ The spoliation instruction is appropriate and should be given where warranted by the evidence. *State v. Langlet,* 283 N.W.2d 330, 333 (Iowa 1979). It is not appropriate however unless the evidence suggests that the destruction of the evidence was intentional because only then could it amount to "an admission by conduct of the weakness of one's case." *Langlet,* 283 N.W.2d at 333 (citing *McCormick on Evidence* § 273, at 660–61 (2d ed. 1972)).

■ Defendant's factual claims here fall far short of showing any intentional destruction of fingerprints. At the time of his apprehension at the Kansas rest stop he did manage to come up with a pose worthy of an animated comic film, telling the trooper "they went that way." He did not ask that the vehicle be searched for fingerprints. Under the circumstances the State was clearly entitled to return the stolen truck to its owner without being compelled to defend against a ludicrous claim it was thereby intentionally destroying evidence. *See California v. Trombetta,* 467 U.S. 479, 488–89, 104 S.Ct. 2528, 2533–34, 81 L.Ed.2d 413, 422 (1984) (duty to preserve evidence limited to matters in which the exculpatory nature was apparent before destruction).

The assignment is without merit.

■ III. Defendant raises and then seeks to preserve for a future postconviction proceeding a claim of ineffective as-

---

**2.** Defendant seeks to support the assignment by weaving into it a claim he was denied due process by the State's action. No due process argument was raised in trial court and hence is waived. *Patchette v. State,* 374 N.W.2d 397, 401 (Iowa 1985).

sistance of counsel, listing ways in which he claims his trial counsel was ineffective. The State takes the position that the issue can be resolved on this appeal because the question comes into sharp focus without the necessity of any further record. Although ineffective assistance claims are generally reserved for postconviction proceedings they are resolved on direct appeal when the record adequately presents them. *Kellogg v. State*, 288 N.W.2d 561, 564 (Iowa 1980).

On the record before us defendant has not demonstrated any ineffectiveness and has not attempted to do so. The record is also inappropriate for determining whether the ineffectiveness claim can be reserved for postconviction. *See Carstens v. Rans*, 210 N.W.2d 663, 665 (Iowa 1973) (right to competency hearing should have been raised in direct appeal). The matter can be considered in any subsequent postconviction proceeding in which ineffectiveness becomes an issue.

AFFIRMED.