STATE of Iowa, Plaintiff–Appellee,

v.

Michael Ray BURDEN, Defendant–Appellant.

No. 88–792.

Court of Appeals of Iowa.

June 15, 1989.

---

William L. Wegman, State Public Defender, and Shari Barron, Asst. Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Julie A. Halligan, Asst. Atty. Gen., and Scott Rosenberg, Asst. County Atty., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Defendant Michael Ray Burden appeals his conviction, entered upon a plea of guilty, of OWI, third offense, in violation of Iowa Code section 321J.2 (1987). Defendant challenges the acceptance of his guilty plea, asserting the district court failed to determine on the record that a factual basis existed or that he understood the charge. In addition, he asserts that he should not have been sentenced as a third offender because his two prior convictions occurred on the same day and the statute allowing a third offense conviction in this case did not take affect until after the two prior convictions. Finally, defendant asserts that his trial attorney rendered ineffective assistance by failing to raise the preceding issue in district court.

I. *Preservation of Error.* Initially, we must determine whether defendant's challenge of the acceptance of his guilty plea is properly before this court. Under Iowa Rule of Criminal Procedure 23(3)(a), a "defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude his or her right to assert such challenge on appeal." Defendant did not file a motion in arrest of judgment. However, when a defendant is not advised, pursuant to rule 8(2)(d), of the necessity for filing the motion, it is not a prerequisite for appeal. *State v. Smothers*, 309 N.W.2d 506, 507 (Iowa 1981), *citing State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980).

Iowa Rule of Criminal Procedure 8(2)(d) provides:

The court shall inform the defendant that any challenges to plea of guilty based on alleged defects in the plea proceedings

must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal.

Defendant contends the trial court failed to inform him of the appellate consequences of failing to file a motion in arrest of judgment.

 The trial court advised the defendant with respect to ·a motion in arrest of judgment in the following manner:

> THE COURT: Mr. Burden, I'm required by law to advise you that you have a right to file what is known as a motion in arrest of judgment, something in writing prepared by yourself or your attorney addressed to me as judge requesting that I set aside or invalidate your plea of guilty, asserting or alleging that you've been denied some statutory or constitutional right.
>
> Important to you is this. If you intend to file such a motion or have one filed for you, you must do so within five days prior to the date I set for sentencing or it is presumed in the law that you have waived that right. Do you understand that?

In determining whether the trial court has met the requirements of rule 8(2)(d) in guilty plea proceedings, we apply the standard of substantial compliance. *State v. Taylor,* 301 N.W.2d 692, 693 (Iowa 1981), *citing State v. Fluhr,* 287 N.W.2d 857, 864 (Iowa 1980). The determinative issue here is whether the court adequately informed defendant of the consequences of failing to timely file a motion in arrest of judgment. *State v. Taylor,* 301 N.W.2d at 693. We find the trial court substantially complied with rule 8(2)(d) and adequately informed defendant of the consequence of failing to challenge acceptance of his guilty plea. Consequently, defendant is barred under rule 23(3)(a) from attacking the trial court's acceptance of his guilty plea.

II. *Applicability of Enhanced Penalty Provision of Iowa Code § 321J.2.* Burden objects to the application of the enhanced penalty provisions of Iowa Code section 321J.2 (1987) to elevate his present conviction to a third offense. The two prior convictions which provided the basis for his third offender status both occurred on March 14, 1986. Under the prior statute, Iowa Code section 321.281, a defendant could not be convicted of third offense OWI if the two prior convictions occurred on the same date. *State v. Clark,* 351 N.W.2d 532, 537 (Iowa 1984).

*Clark* held that "each OWI must be complete as to commission and conviction before the next OWI is committed." *State v. Clark,* 351 N.W.2d at 536. Therefore, when two convictions occurred on the same day, only one could be considered for enhanced punishment. *Id.* at 537. The Iowa legislature amended and recodified this section to provide that "[e]ach previous violation shall be considered a separate previous offense without regard to whether each was complete as to commission and conviction or deferral of judgment following or prior to any other previous violation." Iowa Code § 321J.2(3) (1987). This provision became effective July 1, 1986. 1986 Iowa Acts Ch. 1220; Iowa Code § 3.7 (1985). Defendant asserts that since his two prior convictions occurred prior to the amendment at issue here, this case is governed by *Clark.* Consequently, he urges that the trial court erred in convicting him of OWI third offense.

 Defendant did not object to the retroactive application of section 321J.2 at the trial court level. Failure to do so normally waives the issue on appeal. *State v. Clark,* 351 N.W.2d at 535. However, "review of an appellate issue is not precluded when failure to preserve error results from a due process denial of effective representation." *State v. Tobin,* 333 N.W.2d 842, 844 (Iowa 1983).

 Ineffective assistance claims are generally reserved for postconviction proceedings. *State v. Ueding,* 400 N.W.2d 550, 553 (Iowa 1987). However, when the record adequately presents the issue, we resolve it on direct appeal. *Id.* Because defendant alleges his trial counsel was ineffective in failing to object to his third offender status, the merits of defendant's claim depend upon whether Iowa Code section 321J.2(3) (1987) applies to defendant.

This is an issue of law which we will address on the record presented.

 The issue here is whether the enhanced punishment provisions in section 321J.2(3) apply to defendant. The Iowa Supreme Court considered a similar issue in *State v. Soppe*, 374 N.W.2d 649 (Iowa 1985). The dispute there arose out of 1984 legislation which mandated that a deferred sentence shall be counted as a previous violation for the purposes of determining whether the enhanced punishment provisions of section 321.281 apply. *Id.* at 652 (interpreting Iowa Code section 321.-281(2)(c) (1985), now found at section 321J.2(3)). Defendant's deferred judgment had occurred prior to the statute and he asserted prior law specifically preventing such an outcome applied. *Id., citing State v. Ridout*, 346 N.W.2d 837, 839–40 (Iowa 1984). The court agreed with the defendant and held the deferred judgment recidivism provision did not apply retroactively to the defendant.

Burden relies on *State v. Soppe*, claiming his two prior convictions on the same day should be interpreted, for enhancement purposes, as they would have been interpreted prior to the 1986 amendment. Burden's reliance is not well placed considering the Iowa Supreme Court limited their *Soppe* holding in *State v. Ueding*, 400 N.W.2d 550 (Iowa 1987). The court noted in *Ueding* that its holding in *Soppe* "was anchored on the peculiar and evaporating nature of a deferred judgment." *Id.* at 552. The purpose of a deferred judgment is to avoid "a criminal record by expungement of the record upon successful completion of probation." *Id.* Thus, the *Ueding* court reasoned, a valuable right accrued to the defendant which impelled prospective and not retrospective application of the 1984 amendment. *Id.*

No such valuable right accrued to Burden in being convicted twice of OWI on the same day. This case is akin to *Ueding* in that it involves an offense that occurred in violation of an existing statute. Enhancement is appropriate because Burden was on notice of existing law and that his two prior convictions would elevate a subse-

quent OWI violation to a third offense. *Id.* We apply the 1986 amendment to enhance a violation which occurred after the effective date of the act and therefore the statute is being applied prospectively only. Defendant's contention that the statute does not apply to him is without merit and consequently his claim of ineffective assistance of counsel is also without merit.

AFFIRMED.