STATE of Iowa, Appellee,

v.

Marc Allen CHESMORE, Appellant.

No. 90–953.

Supreme Court of Iowa.

Sept. 18, 1991.

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Julie Ann Halligan, Asst. Atty. Gen., Denver D. Dillard, Co. Atty., and Jerry Vandersanden, Asst. Co. Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

This appeal by defendant, Mark Allen Chesmore, arises from a conviction, following a jury trial, for operating a motor vehicle while intoxicated (OWI), third offense. The question is whether defendant, having been twice before convicted of OWI first offense, has been denied due process of law by his subsequent conviction for OWI third offense. We conclude that due process was afforded and therefore affirm the district court's ruling.

The facts are essentially undisputed. The defendant was arrested for OWI on both August 22, 1984, and August 10, 1985. These two OWI charges were resolved by guilty pleas; on October 23, 1985, the defendant entered a guilty plea on the first charge, and on October 25, 1985, two days later, he entered a guilty plea on the second charge.

The October 25, 1985, conviction for first offense OWI was obtained as a result of a plea bargain. In exchange for Chesmore's plea of guilty to first-offense OWI, the State agreed not to pursue other charging options available to it. During the sentencing colloquy, the court and counsel explained to the defendant that his next OWI offense would be considered a second offense. If arrested subsequently for a third OWI, that offense would constitute an aggravated misdemeanor instead of a class "D" felony. Based upon the law as explained to him by the court and counsel, Chesmore pled guilty to a second first-offense OWI. Consequently, after his conviction on October 25, 1985, Chesmore had two convictions for first-offense OWI on his record. Chesmore did not file a motion in arrest of judgment in either proceeding.

The Iowa legislature amended and recodified Iowa Code section 321.281 (1985), the section upon which Chesmore's two prior first-offense OWI convictions were based. Effective July 1, 1986, this provision was incorporated into the law as section 321J.2(3), which states in relevant part that:

[e]ach previous violation shall be considered a separate previous offense without regard to whether each was complete as to commission and conviction or deferral of judgment following or prior to any other previous violation.

On February 1, 1990, the Linn County attorney filed a trial information charging Chesmore with third-offense OWI pursuant to section 321J.2(1)(a) (1989). A jury trial commenced on May 7, 1990. The sole issue submitted to the jury concerned the allegation of driving while intoxicated. The defendant waived his right to a jury trial on the issue of prior offenses and stipulated that he was the person who twice before had been convicted of OWI. On May 8, 1990, the jury found Chesmore guilty of OWI. In a ruling on a motion to adjudicate law points, the district court addressed the issue of prior offenses and determined that Chesmore was not denied due process when he was found guilty as an OWI third offender.

On June 15, 1990, the district court sentenced Chesmore as an OWI third offender for an indeterminate term of imprisonment not to exceed five years, to pay a fine in the sum of $750 plus surcharge, and to revoke his driver's license for a period of six years. Chesmore appeals.

In deciding questions on the applicability of the enhanced penalty provisions of Iowa Code section 321J.2, our scope of review is for correction of errors at law. See Iowa R.App.P. 4. Moreover, because our review is at law, we are bound by findings of fact which are supported by substantial evidence. State v. Finn, 469 N.W.2d 692, 693 (Iowa 1991). The defendant is entitled to prevail only if his evidence was so strong

that the trial court was compelled to rule for him as a matter of law. *Id.*

The defendant asserts that it was explained to him on October 25, 1985, that if he were arrested a third time for OWI, the new charge would constitute only a second offense and he therefore would be charged with an aggravated misdemeanor. It is uncontested that this explanation was provided the defendant by his counsel, a representative from the county attorney's office, as well as by the court. Further, it is undisputed that the explanation given the defendant was a correct statement of the law as it existed at the time.

■ Chesmore argues, based on the law in 1985, that for a defendant to be punished for second-offense OWI, he must have been convicted of first-offense OWI before the second OWI was committed. Similarly, for a defendant to be punished for third-offense OWI, he must have been convicted of a first OWI before he committed a second OWI, and must have been convicted of the second OWI before he committed the third. While this argument was accepted in *State v. Clark*, 351 N.W.2d 532, 537 (Iowa 1984), it is not controlling if the amended statute applies.

Chesmore concedes that the law as it was explained to him by counsel and the court on October 25, 1985, was a correct statement of the law as it existed in 1985. His motion for adjudication of law points does not assert that any specific plea bargain was made between the State and the defendant whereby he would continue to be guaranteed second-offender status in the future even if the law should be changed.

In *State v. Burden*, 445 N.W.2d 395 (Iowa App.1989), the defendant claimed that the changed law was not applicable to him because his two prior convictions occurred before 1986 when the statute was changed. The court rejected this argument since no right accrued to the defendant out of his two prior convictions. *State v. Soppe*, 374 N.W.2d 649 (Iowa 1985), was distinguished as recognizing a deferred judgment to embrace a valuable right. The *Burden* court also rejected the argument that two prior convictions on the same day could only be counted as one conviction. The 1986 amendment enhancing the penalty was correctly applied.

■ Our court has also rejected an argument based on nomenclature. In *State v. Clark*, 351 N.W.2d at 537, we said:

We cannot accept the argument, however, that a defendant must be convicted of second-offense OWI *as such* before he can be convicted of third-offense OWI. If a defendant is convicted of OWI a first time and subsequently again commits OWI but is charged with and convicted of first-offense OWI again, he may later be convicted of third-offense OWI if he subsequently commits OWI a third time.

In the instant case, Chesmore seeks to avoid the law cited above by characterizing the pre-amendment treatment of his two prior convictions and the advice given him then as to their consequences as an inducement to plead guilty the second time. However, the record does not support the suggestion that an agreement was made that would remain unaffected by subsequent changes in the law. We find no due process violation.

The trial court properly applied the enhancement penalty in entering a conviction for third-offense OWI.

AFFIRMED.