# IN THE COURT OF APPEALS OF IOWA

No. 13-1893
Filed August 27, 2014

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**NICHOLAS JOSEPH GARZA,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Scott County, Thomas G. Reidel,

Judge.


　　　Nicholas Garza appeals from his conviction, judgment, and sentence for

third-degree sexual abuse following his guilty plea. **AFFIRMED.**

　　　Mark C. Smith, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney

General, Michael J. Walton, County Attorney, and Kimberly Shepherd and Melisa

Zaehringer, Assistant County Attorneys, for appellee.

　　　Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Nicholas Garza appeals from his conviction, judgment, and sentence for third-degree sexual abuse following his guilty plea.  We affirm.

### I. Background Facts and Proceedings.

We filed our opinion in this case on July 30, 2014, but subsequently granted Garza's petition for rehearing.  Our July 30 decision is therefore vacated, and this decision replaces it.

In 2012, twenty-four-year old Garza met a female online, who told him she was eighteen when she was actually fifteen.  They began a relationship and eventually met in person.  They continued to meet and ultimately had sexual intercourse on numerous occasions.  At some point, the girl told Garza she was only fifteen.  They continued their relationship, including having sex.

On June 24, 2013, the State filed a trial information charging Garza with sexual abuse in the third degree, a class "C" felony, in violation of Iowa Code sections 709.1 and 709.4(2)(c)(4) (2013).  Garza initially pled not guilty and waived his right to a speedy trial.  However, in October 2013, Garza entered into a plea agreement with the State, whereby he would plead guilty as charged in exchange for the State not making any sentencing recommendations at his sentencing hearing.

At the plea hearing, the court conducted a colloquy with Garza.  Thereafter, the court accepted the agreement, finding Garza had voluntarily entered into the guilty plea and that he understood the consequences of his guilty plea. The court did not specifically advise Garza of his right to compel witnesses at trial.

A sentencing hearing was held thereafter in November 2013. As agreed, the State made no sentencing recommendation. Garza requested the court grant him a deferred judgment. The court declined Garza's request and sentenced him to an indeterminate term of imprisonment not to exceed ten years. The court also imposed a special sentence of lifetime parole and notified Garza of his duty to register as a sex offender.

Garza now appeals. He contends his guilty plea was not entered knowingly and voluntarily because the district court failed to substantially comply with the rules of criminal procedure in accepting his plea. Additionally, he argues the district court abused its discretion when it considered an unproven offense and sentenced him to prison instead of placing him on probation. He also maintains the court only considered one factor—the seriousness of his offense—in making its sentencing determination. Finally, he asserts the special sentence of lifetime parole, imposed pursuant to Iowa Code section 903B.1, is grossly disproportionate to the crime he committed and violates his right to be free from cruel and unusual punishment under the Iowa and Federal Constitutions.

## II. Discussion.

### A. Error Preservation.

Garza first argues the district court failed to substantially comply with the Iowa Rules of Criminal Procedure in accepting his plea, and consequently, his guilty plea was not entered knowingly and voluntarily. The State argues Garza failed to preserve this issue for our review, pointing out that Garza failed to file a motion in arrest of judgment and that Garza has not raised the claim as a claim of ineffective assistance of counsel. We agree.

To preserve a direct challenge to his guilty plea on appeal, Garza must have filed a motion in arrest of judgment. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). Absent such a filing, Garza must show the court did not adequately notify him of the requirement of doing so under Iowa Rule of Criminal Procedure 2.8(2)(d). *See State v. Oldham*, 515 N.W.2d 44, 46 (Iowa 1994) ("Failure by a judge to comply with this rule operates to reinstate the defendant's right to appeal the legality of his plea."). We employ a substantial compliance standard in determining whether a district court has discharged its duty under rule 2.8(2)(d). *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003). The court must ensure the defendant understands the necessity of filing a motion to challenge a guilty plea and the consequences of failing to do so. *Id.*

Here, the district court's comments were sufficient to discharge its duty under rule 2.8(2)(d). Instead of quoting the rule verbatim, the court performed its duty by using plain language to explain the motion in arrest of judgment, stating:

> If you think I made a mistake in accepting the guilty plea, Mr. Garza, you have to raise that in a motion in arrest of judgment. It has time periods and has to be filed within forty-five days of today's date and no later than five days before your date of sentencing.

The court's statement sufficiently indicated that Garza had to file a motion in arrest of judgment if he wanted to appeal or challenge his guilty plea. It also indicated the time within which this motion had to be filed. In whole, it conveyed the pertinent information and substantially complied with the requirements of rule 2.8(2)(d).[1] We therefore find this colloquy sufficiently notified Garza of the motion

---

[1] We have found similar statements to have substantially complied with the requirements of the rule. *See State v. Burden*, 445 N.W.2d 395, 397 (Iowa Ct. App. 1989); *see also State v. Stamps*, No. 13-0989, 2014 WL 1494957, at *1 (Iowa Ct. App.

in arrest of judgment filing requirements, and as such, the direct challenge to the guilty plea was not preserved for review.

### B. Unproven Offense.

In rejecting Garza's request that, in lieu of prison time, he be granted a deferred judgment, the sentencing court stated:

> Mr. Garza, my duty under the law is to review what is available to me in terms of community resources and to determine what the appropriate rehabilitative plan for you would be, but to also consider that the public must be protected. In doing so, I look at the seriousness of the crime, the effect that this crime has upon members of the community, your willingness to accept change and treatment, and what is available in this community to assist you in the process. In this entire thought process, I look at the least restrictive alternatives first and then proceed to the more restrictive alternatives.
>
> I have reviewed the entire presentence investigation report. I have also given consideration to the letter from your employer. I have not given any consideration to any entries in the criminal history section that do not show an admission or adjudication of guilt. Mr. Garza, this is a very serious crime. If I read the reports correctly, you were twenty-four years old when you engaged in multiple acts of sexual intercourse with a fifteen-year-old child. You provided alcohol to that child. The victim impact statement indicates that the child has suffered as a result of those actions on your part. The court has considered your scores on the [sex offender risk assessment test], and your limited—limited criminal record, along with the fact that you are employed. The court is not convinced of your willingness to change and accept treatment. The court does believe it is necessary to protect the public. The court believes that this is a very serious crime, as it involves the sexual exploitation of a minor by you having sex with someone you were nine years older than while she was fifteen years of age. The court believes that for the protection of the community, to maximize your rehabilitation, and to provide for the maximum deterrent effect, that incarceration is appropriate.

---

April 16, 2014); *State v. Jefferson*, No. 11-1826, 2012 WL 3860755, at *2 (Iowa Ct. App. Sept. 6, 2012); *State v. Fries*, No. 11-2082, 2012 WL 3590033, at *1-2 (Iowa Ct. App. Aug. 22, 2012); *but see State v. Pine*, No. 13-0051, 2013 WL 5951192, at *2 (Iowa Ct. App. Nov. 6, 2013); *State v. Clark*, No. 11-0240, 2011 WL 3480967, at *2 (Iowa Ct. App. Aug. 10, 2011).

Garza argues the district court considered an unproven offense because it mentioned that he "provided alcohol to that child." We review sentencing decisions for errors at law. Iowa R. App. P. 6.907.

"[A] district court's sentencing decision enjoys a strong presumption in its favor." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). "To overcome the presumption, we have required an affirmative showing the sentencing court relied on improper evidence." *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). Unproven and unprosecuted offenses are considered "improper evidence" in sentencing determinations "unless (1) the facts before the court show the defendant committed the offense, or (2) the defendant admits it." *Jose*, 636 N.W.2d at 41. "The standard of proof during the sentencing stage is lower than the standard used during trial." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). In determining whether the facts before the court show the defendant committed the unproven or unprosecuted offense, the court must only find the record sufficiently establishes the matters it is relying on. *Id.* "There is no general prohibition against considering other [established] criminal activities by a defendant as factors that bear on the sentence to be imposed." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000).

"In determining a defendant's sentence, a district court is free to consider portions of a presentence investigation report that are not challenged by the defendant." *Grandberry*, 619 N.W.2d at 402. Iowa Code section 915.21(1)(a) provides that a filed victim impact statement is considered part of the presentencing investigation report.

The presentence investigation report in this case was entered without objection or any corrections by Garza. The report states Garza "denies any current alcohol issues; however, it is noted in the [v]ictim [i]mpact [s]tatement that alcohol was involved during some of the meetings with [Garza] and the victim." Additionally, the report later states, in referencing the victim impact statement, that "both [Garza] and the victim were under the influence of alcohol" during several of their sexual liaisons. Garza concedes in his brief that the victim impact statement referred to Garza returning the victim to her home "in a state of intoxication." Upon our review, we agree with the State that the low burden of proof required to show Garza provided the victim with alcohol has been sufficiently met under this record. Consequently, we conclude the district court did not consider an unproven offense when it mentioned in its sentencing colloquy that Garza gave alcohol to his victim. We therefore affirm on this issue.

### C. Sentencing Factors.

When a sentence is not mandatory, the district court must exercise its discretion in determining what sentence to impose. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). The sentencing court may not base its decision on one factor. *State v. DeWitt*, 426 N.W.2d 678, 680 (Iowa Ct. App. 1988). Iowa Rule of Criminal Procedure 2.23(3)(d) requires a sentencing court to demonstrate its exercise of discretion by stating "on the record its reason for selecting the particular sentence." Failure to state on the record the reasons for the sentence imposed requires the sentence be vacated and the case remanded for amplification of the record and resentencing. *State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980); *State v. Freeman*, 404 N.W.2d 188, 191 (Iowa Ct. App. 1987).

While the reasons need not be detailed, the court must provide enough explanation to allow appellate review of the district court's discretion. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010). The sentencing court, however, is generally not required to give its reasons for rejecting particular sentencing options. *Thomas*, 547 N.W.2d at 225. In considering sentencing options, the court is to determine, in its discretion, which of the authorized sentences will provide both the maximum opportunity for the rehabilitation of the defendant and for the protection of the community from further offenses by the defendant and others. Iowa Code § 901.5; *see also State v. Hildebrand*, 280 N.W.2d 393, 395 (Iowa 1979). We may look to the court's overall sentencing rationale to glean the reasoning for imposing consecutive sentences. *See Hennings*, 791 N.W.2d at 838-39 ("[I]t is apparent to us that the district court ordered the defendant to serve his sentences consecutively as part of an overall sentencing plan.").

At the sentencing hearing, Garza requested the court suspend his sentence based on his lack of criminal history, his prior success under supervision and in treatment, his favorable academic and employment history, his healthy family relationships, his low risk to reoffend, and the presentence investigation report's recommendation of probation. Garza maintains the court did not consider any of these factors and only considered the seriousness of the offense. We disagree.

To be sure, the sentencing court took into consideration the seriousness of the offense. However, a thorough review of the court's sentencing comments reveals the court also took note of the other factors listed by Garza. The fact the court did not accept Garza's request does not evidence an abuse of discretion by

the court. The sentence pronounced was reasonable under the circumstances and within the parameters of the court's discretion in sentencing. *See State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). We therefore affirm on this issue.

### D. Cruel and Unusual Punishment.

Finally, Garza argues the special sentence of lifetime parole imposed pursuant to Iowa Code section 903B.1 is grossly disproportionate to the crime he committed and violates his right to be free from cruel and unusual punishment under the Iowa and Federal Constitutions. The State asserts his parole sentence is not ripe for our review under *State v. Tripp*, 776 N.W.2d 855 (Iowa 2010). We agree.

In *Tripp*, Tripp similarly challenged the constitutionality of the imposition of the special sentence of lifetime parole under Iowa Code section 903B.1. *See* 776 N.W.2d at 858. However, Tripp was not on parole at the time he asserted his constitutional challenge to the lifetime-parole-sentence statute. *See id.* Our supreme court discussed the various considerations that come into play in a parole sentence, such as the possibility that Tripp may violate the terms of his parole in the future or that he may be discharged from parole in the future, thus requiring the court to speculate on what would happen in Tripp's future. *See id.* The court also noted it would "be analyzing the sentence without the benefit of any conditions that may be placed on [Tripp] in the future. Both issues involve administrative decisions that have yet to be made." *Id.* at 858-59. For these reasons, the court concluded Tripp's case was not ripe for its review because it did not present an actual, present controversy, only a hypothetical or speculative controversy. *Id.* at 859. The court found that "until the length of [Tripp's] parole

and the extent of his supervision are determined, Tripp's challenge is not ripe."
*Id.*

The same is true here. Garza is not on parole, and until the length of his parole and the extent of his supervision are determined, Garza's challenge is not ripe for our review.

### III. Conclusion.

Upon our review, we conclude Garza's claim that his guilty plea was not entered knowingly and voluntarily was not preserved for our review. Additionally, we conclude Garza's claim that the special sentence of lifetime parole, imposed pursuant to Iowa Code section 903B.1, is unconstitutional is not ripe for our review. Finally, because we conclude the court did not improperly consider an unproven offense or one factor in making its sentence determination, the district court did not abuse its discretion. Accordingly, we affirm Garza's conviction, judgment, and sentence.

**AFFIRMED.**