# IN THE COURT OF APPEALS OF IOWA

No. 14-0420
Filed May 20, 2015

**CHARLES EDWARD DAVIS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

Charles Davis appeals the district court's summary dismissal of his application for postconviction relief. **AFFIRMED.**

Tod J. Deck of Deck Law LLP, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Patrick Jennings, County Attorney, and Mark Campbell, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Bower, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BOWER, J.**

After Charles Davis entered a guilty plea to operating while intoxicated, fourth offense, enhanced as a habitual offender, his direct appeal was dismissed as frivolous. Davis filed a pro se application for postconviction relief (PCR), the State answered and filed for summary dismissal, and Davis's PCR counsel sought to withdraw due to Davis's inability to "clarify" his claims with counsel. After hearing, the PCR court dismissed Davis's application and ruled the dismissal rendered counsel's withdrawal moot. Davis appeals; we affirm.

## I. Background Facts and Proceedings

In December 2012 Davis was charged by trial information with Count I, operating while intoxicated (OWI), fourth offense, as a habitual offender; Count II, driving while barred, as a habitual offender; and Count III, driving while revoked. On March 5, 2013, the court granted Davis's motion to sever counts two and three and also granted his request for new counsel. On March 21, 2013, the district court accepted Davis's plea of guilty to operating while intoxicated, fourth offense, as a habitual offender. *See* Iowa Code §§ 321J.2(8), 902(8) (2013). The court also accepted the plea agreement between the parties, which provided in exchange for Davis's plea, the State, would dismiss the severed counts and would agree to open sentencing.[1] Subsequently, the court sentenced Davis to an indeterminate fifteen years in prison with a three-year minimum and dismissed the severed counts.

---

[1] At the plea proceeding, Davis admitted to his prior convictions for introduction of a controlled substance into a detention facility (class "D" felony), intimidation with a dangerous weapon (class "C" felony), and possession of a controlled substance, third offense (class "D" felony).

Davis appealed, counsel was appointed, and appellate counsel moved to withdraw on the basis "the appeal in this case is frivolous." In a July 7, 2013 letter, counsel advised Davis of the withdrawal motion and told him to file a notice and include "any issues you wish to pursue on appeal" if he still wanted to appeal. On September 3, 2013, Davis filed a motion for correction of illegal sentence, stating he "was charged with habitual OWI 4th" and claiming "the offence[] does not constitute an enhancement due to rule of law or elements." On September 16, 2013, noting this September filing, our supreme court ruled the "appeal is frivolous," granted appellate counsel's withdrawal motion, and dismissed the appeal.

In October 2013 Davis filed another motion for correction of an illegal sentence, stating he was "charged with OWI 4th habitual" and claiming: "The court did not follow the law, which states that to enhance an OWI charge there must be a serious misdemeanor, aggravated misdemeanor and 3rd a felony which is five years. My case doesn't have these elements." Our supreme court overruled the motion on October 21, 2013:

> The court once again reviews [Davis's] motion for correction of an illegal sentence. [Davis] has three prior convictions for operating while intoxicated and three prior convictions for felony charges. [Davis] was correctly charged as a habitual offender and admitted to all of the prior convictions. [Davis] was correctly sentenced pursuant to Iowa Code section 902.9(3) [(indeterminate sentence)].

The next month, Davis filed a pro se PCR application seeking dismissal of his criminal case. Under "specific explanation of grounds," Davis claimed he was "falsely charged with OWI fourth when in fact it should have been OWI

second . . . . There are two OWI firsts and an OWI third and now they have found me guilty of a fourth, so they are using an OWI one as a second. Also, they had me believing that I pleaded to a third."

In December 2013 the State filed a motion for summary judgment. Before hearing, PCR counsel filed a motion to withdraw, stating Davis had been unable to "clarify" the claims he sought to raise. The PCR court held a joint hearing on the summary judgment motion and counsel's withdrawal motion, after which it granted the State's motion for summary judgment and found the motion to withdraw to be moot. Davis now appeals.

## II. Standards of Review

"Claims of ineffective assistance of counsel have their basis in the Sixth Amendment to the United States Constitution and thus, are reviewed de novo." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). We review the court's summary dismissal of Davis's pro se claim for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

## III. Ineffective Assistance of Trial Counsel

On appeal, Davis claims his trial counsel rendered ineffective assistance: "Had Mr. Davis been properly advised by counsel he was facing a mandatory minimum of three years he would not have accepted the plea bargain and continued on to a jury trial. His counsel did not properly advise him of the minimum penalties nor object to the Court's explanation of the mandatory minimum."

To prevail on his claim, Davis must prove by a preponderance of the evidence his counsel failed to perform an essential duty and prejudice resulted. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). To establish a failure to perform an essential duty, Davis must overcome our presumption that counsel performed competently and prove counsel's performance fell below the standard of a reasonably competent practitioner. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To establish prejudice in the context of a guilty plea, he must prove a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Carroll*, 767 N.W.2d at 644. Davis has failed to establish either prong. The record shows the district court explained to Davis the fact he could receive a three-year mandatory minimum sentence as a habitual offender:

> THE COURT: Okay. And as [the prosecutor stated,] with a fifteen-year sentence, that is an indeterminate sentence. The three-year mandatory minimum, if you go to prison, would be imposed, and then it is up to the parole board to decide how long you do. I believe you have been down before on a fifteen-year sentence habitual; is that correct?
> DAVIS: Yes.
> THE COURT: So you have an understanding kind of how that works; is that correct?
> DAVIS: Yes.
> THE COURT: Any questions about the maximum and minimum penalties the court could impose?
> DAVIS: No.

The court then noted the State is alleging "a conviction in this case would be your fourth conviction for OWI . . . in the past twelve years" and asked Davis,

specifically and individually, about each of his three prior convictions.[2]   As to Davis's prior conviction for OWI, third offense, as a habitual offender, the following exchange occurred:

> THE COURT: You seem to be hesitating.  I just want to make sure you understand what I am talking about . . . correct me if I am wrong, is that the charge you went down on the fifteen-year sentence?"
> DAVIS: Yes.
> THE COURT: Okay.  So you went down as a habitual offender?
> DAVIS: Yes.
> THE COURT: Okay.  So do you agree that a conviction in this case for operating while intoxicated would be your fourth conviction for [OWI] in the past twelve years?
> Davis: Yes.

On appeal, Davis has failed to explain what additional information he should have received as to the three-year minimum sentence.  Davis has not met his burden of establishing plea counsel breached a duty.  *See Straw*, 709 N.W.2d at 133.  Additionally, there is nothing in the record to establish Davis would have risked the certainty of his favorable plea deal (including both the opportunity to seek a suspended sentence and the State's dismissal of two other charges) and insisted on going to trial, risking the uncertain consequences.  Davis's conclusory claim he would not have pleaded guilty does not satisfy the prejudice prong of his ineffective-assistance claim.  *See id.* at 137 (recognizing a "defendant's conclusory claim that she was ready to insist on going to trial was not a sufficient assertion of prejudice").

---

[2] Davis admitted to (1) a January 2002 conviction for OWI, first offense; (2) a January 2002 conviction for OWI, first offense; and (3) a January 2008 conviction for OWI, third offense as a habitual offender.

## IV. Material Issues of Fact

Davis next claims the PCR court erred in granting summary judgment to the State because there "were clearly material issues of facts in dispute." Davis contends:

> In this matter, criminal trial counsel breached an essential duty by failing to raise any objections to the court's explanation of the minimum sentence applicable to Mr. Davis and by failing to explain to Mr. Davis the applicable minimum sentence . . . . Mr. Davis was afforded no opportunity to present this claim to the court in his postconviction action. Mr. Davis's postconviction counsel's motion to withdraw was heard at the same hearing as the State's motion for summary judgment. Under these circumstances, Mr. Davis was essentially denied counsel to help him overcome the motion for summary judgment. Perhaps more importantly, Mr. Davis was completely deprived of any opportunity to present any evidence that he may have to show a dispute of fact as to ineffective assistance of trial counsel . . . .
> First, the [court's colloquy] in the plea-taking hearing created a genuine issue of material fact as to whether Mr. Davis's plea was knowing and intelligent that should have afforded Mr. Davis a trial on his application . . . . Further, no affidavits, depositions, or any other evidence was presented to the court in support of the State's motion for summary judgment. The State presented no real facts for the court to review to determine if there was a dispute . . . . [T]he record is completely devoid of any evidence to establish that Mr. Davis's criminal trial counsel adequately advised him pre-plea of the sentence he could receive.

Our review of the record shows this appellate challenge mischaracterizes what actually occurred in this postconviction action. Davis's PCR application presented the following claims for resolution:

> I was falsely charged with OWI fourth when in fact it should have [been] an OWI second. In order to charge me with OWI fourth, the court would have to charge me twice for the same crime. There are two OWI firsts and an OWI third and now they have

found me guilty of a fourth, so they are using an OWI one as a second. Also, they had me believing that I pleaded to a third.[3]

The thrust of Davis's PCR application was the propriety of the charges against him, and after a hearing, the court ruled on that issue and on his conclusory claim he believed he was pleading to an OWI third. Thus, Davis had his day in court on the specific challenges he raised in his PCR application.[4] Davis's PCR application did not claim his plea counsel rendered ineffective assistance regarding the potential for a three-year minimum sentence. Accordingly, PCR counsel breached no duty in failing to present evidence on a claim that did not exist because it was not raised in Davis's pro se application. We find no merit to this appellate challenge.

---

[3] We note that whether Davis pleaded guilty to an OWI third or fourth, they are both class "D" felonies. The code section speaks of OWI third or subsequent offenses. *See* Iowa Code § 321J.2(2)(c).

[4] Davis attached several documents to his application and alleged "the courts and the lawyers had me believing I was being charged[d] with OWI 3rd offence." The documents included a December 2012 letter from his first court-appointed trial counsel, not his trial counsel at the plea hearing, stating counsel would represent Davis for an OWI third offense. Davis also attached his direct-appeal attorney's memorandum in support of the motion to withdraw, which at one point stated Davis entered a plea to OWI, third offense, but in the same paragraph stated the court accepted Davis's plea to OWI, fourth offense, habitual offender. As to the judgment entered, the memorandum stated the court entered judgment on OWI, fourth offense, habitual offender.

The PCR court found the documents contained "unfortunate minor errors on the part of his attorneys" but all evidence shows Davis "should have been well aware of the true charges against him." The criminal file "reveals the booking sheet, criminal complaint, and trial information (which [Davis] would have received) all state OWI-Fourth Offense . . . . Most importantly, Judge Hensley clearly asked [Davis] during his plea taking that [he] was admitting guilt to the charge of fourth-offense OWI." The PCR court concluded this PCR claim had no merit. We separately note Davis, immediately following his conviction, indicated his knowledge of the charge without claiming any confusion. In both September and October 2013, Davis filed a motion for correction of illegal sentence. In both motions Davis stated he was charged with habitual OWI fourth.

## V. Pro Se Claims

In his pro se appellate brief, Davis contends "there is no need for Iowa Code section 321J.2 if the courts can enhance first offenses to felonies because, the State has made it void therefore there is no justice here." In denying this claim, the PCR court set out and explained the applicable statutory and case law on sentencing and enhancement. *See* Iowa Code § 321J.2(8); *State v. Chesmore*, 474 N.W.2d 551, 553 (Iowa 1991). No purpose would be served by our repeating the PCR court's well-reasoned analysis, which we now adopt.[5]

**AFFIRMED.**

---

[5] Additionally, we find no merit to Davis's conclusory appellate claim the "State has violated my due process of law because in construing habitual traffic offender statutes, [the] supreme court's task is to apply appropriate principles of statutory construction in deciding what the words of the statutes mean."