STATE of Iowa, Appellee,

v.

Lawrence Dean TAYLOR a/k/a Thomas Edward Taylor, Appellant.

No. 64830.

Supreme Court of Iowa.

Feb. 18, 1981.

Timothy G. Pearson of Hyland, Laden & Pearson, P. C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and Ronald Wheeler, Asst. Polk County Atty., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK, and ALLBEE, JJ.

McCORMICK, Justice.

The question here is whether the defendant waived the right to challenge the validity of his guilty plea. We hold he did, and consequently we affirm the trial court.

Defendant Lawrence Dean Taylor entered a plea of guilty to a second-degree burglary charge. After the trial court accepted the plea, the court and defendant engaged in this colloquy:

Q. Now you have a right for the court to order a presentence investigation report before sentence is pronounced upon you. Your attorney has indicated you want to waive that right because it takes something like four weeks to get one and we would have to postpone the sentencing. You want to waive that right, is that right? A. Yes.

Q. And you also are entitled to fifteen days after a plea before sentence is pronounced. You want to waive that time and request immediate sentence? A. Immediate sentence.

Q. You understand in doing so you waive your right to question the legality of his plea of guilty. In other words, if we sentence you immediately that right is gone, and you understand that? A. Yes.

Iowa R.Crim.P. 8(2)(d) provides that the court "shall inform the defendant that

any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Under rule 23(3)(a), a "defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude his or her right to assert such challenge on appeal." Thus, a defendant must challenge the validity of his guilty plea by motion in arrest of judgment in the trial court in order to preserve error for appeal. However, the requirement does not apply when the record does not show the court advised the defendant of this duty in accordance with rule 8(2)(d). *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980).

In appealing from his conviction and sentence, defendant contends the trial court did not comply with rule 8(2)(d). He requests remand of the case and an opportunity to attack his plea in the trial court by motion in arrest of judgment. He misconceives the remedy. Under *Worley* noncompliance with rule 8(2)(d) simply means rule 23(3)(a) "does not preclude our review." 297 N.W.2d at 370. However, we do not find noncompliance with rule 8(2)(d) in this case.

■ In determining whether a trial court has met the requirements of rule 8 in guilty plea proceedings, we apply the standard of substantial compliance. *State v. Fluhr*, 287 N.W.2d 857, 864 (Iowa 1980).

When he waived time for sentencing and requested immediate sentencing, defendant lost the opportunity to move in arrest of judgment. This is because rule 23(3)(b) requires a motion in arrest of judgment to be made "not later than five days before the date set for pronouncing judgment." Loss of the opportunity to move in arrest of judgment, of course, meant loss of the opportunity to preserve error under rule 23(3)(a) for subsequent challenge of the plea proceeding.

■ In *Worley* we said our review is not precluded by rule 23(3)(a) unless the court

has personally informed the defendant "that he may file a motion in arrest of judgment *and* the consequences of failing to do so...." 297 N.W.2d at 370. In *State v. Smith*, 300 N.W.2d 90, 91 (Iowa 1981), we held that a mere voluntary waiver of time for sentencing, without more, does not satisfy this requirement. However, the defendant here did not merely waive time for sentencing. The court informed him that waiving time for sentencing would prevent him from subsequently questioning the validity of his plea, and defendant said he understood that. The court thus determined defendant's understanding of the consequence of his waiver without advising him of the procedural details. The record would be better if the court had explained the procedural details, but its failure to do so does not vitiate defendant's understanding that waiving time for sentencing would foreclose a subsequent challenge to the validity of his guilty plea. Because the determinative issue is whether defendant understood that consequence, we find the court substantially complied with rule 8(2)(d). As a result, defendant is barred under rule 23(3)(a) from attacking the adequacy of the plea proceeding.

AFFIRMED.