# IN THE COURT OF APPEALS OF IOWA

No. 4-052 / 13-0895
Filed March 12, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIE JOHN HILSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

A defendant appeals from an acceptance of his pleas of guilty to public intoxication, third offense, and harassment in the second degree, and the sentences imposed. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Jennifer Miller, County Attorney, and Jordan Gaffney, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Doyle, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Willie John Hilson appeals from an acceptance of his plea of guilty to public intoxication, third offense, and harassment in the second degree, and the sentences imposed.

## I. Background Facts & Proceedings

Hilson was charged with public intoxication, third offense, and harassment in the first degree but entered a written plea of guilty to public intoxication, third offense, an aggravated misdemeanor, and harassment in the second degree, a serious misdemeanor, pursuant to a plea agreement. The trial information was amended to reflect the lesser charge, and Hilson was sentenced pursuant to the plea agreement. There was no colloquy with the court prior to the entry of the written pleas, and the written pleas contained no express waiver of an oral colloquy with the court. Both written pleas of guilty contained the following paragraph:

> If the court accepts my plea of guilty I realize:
> a. The court will set a sentencing date not less than fifteen days after the date of its acceptance of this Guilty Plea, unless I waive that right. In order to contest this plea of guilty I must file a Motion in Arrest of Judgment at least 5 days prior to sentencing. The right to file a Motion in Arrest of Judgment will be waived by having the court impose a sentence today.

In the written pleas, Hilson waived time for sentencing and asked for immediate sentences. Hilson's counsel also signed the written pleas of guilty stating that he had explained to Hilson his constitutional rights and recommended that the court accept the pleas of guilty. Iowa Rule of Criminal Procedure 2.8(b)(5) permits written guilty pleas for serious and aggravated misdemeanors.

The guilty pleas were accepted by the court on April 18, 2013, but immediate sentence was not pronounced. Instead sentencing was set for May 15, 2013. Hilson filed a pro se withdrawal of his pleas of guilty but never filed a motion in arrest of judgment. At the time of sentencing, Hilson abandoned his withdrawal and reaffirmed his written pleas of guilty and was sentenced consistent with the plea agreement, as contained in the written pleas. Hilson filed this appeal on May 16, 2013.

Hilson alleges that his written pleas of guilty are invalid and should be set aside because he was not personally addressed by the court as required by Iowa Rule of Criminal Procedure 2.8(2)(b), nor did he approve the waiver of the colloquy as permitted by rule 2.8(2)(b)(5).

## II.     Standard of Review

Review of a challenge to a guilty plea is for correction of error at law. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010).

## III.    Error Preservation

Errors in guilty pleas are to be challenged by a motion in arrest of judgment. No motion in arrest of judgment was filed. Where the defendant is not informed that he must file a motion in arrest of judgment, review on appeal is not precluded. *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980). Error preservation is the initial issue.

## IV.    Discussion

Iowa Rule of Criminal Procedure 2.24(3)(a) provides in part, "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such a

challenge on appeal." Nevertheless, rule 2.8(2)(d) provides that, "The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."

The requirement that a defendant be advised that a challenge to a plea of guilty can only be made through a timely filed motion in arrest of judgment can be accomplished by a written document when the offense is an aggravated misdemeanor. *See State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002). The issue then becomes whether or not the language of the written waiver quoted above adequately advised Hilson that any challenge to the plea must be made by a timely filed motion in arrest of judgment.

The fact that Hilson requested immediate sentencing but sentencing was delayed somewhat confuses the issue and makes portions of the written plea inapplicable. Nevertheless, the written pleas both admit unequivocally, "I realize in order to contest this plea of guilty I must file a Motion in Arrest of Judgment at least 5 days prior to sentencing." Sentencing was in fact set for nearly one month later. The language concerning an immediate sentence became inoperable but that does not detract from the above acknowledgement.

A substantial compliance standard is applicable in determining whether or not a defendant has been advised of the method of challenging a plea of guilty. *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). In approving the trial court's compliance with what is now rule 2.8(2)(d), where language less explicit than that used in the present case was employed, our supreme court stated that the

requirement is met if the defendant is informed that he may file a motion in arrest of judgment and the consequences if he failed to do so. *State v. Taylor*, 301 N.W.2d 692, 693 (Iowa 1981). *Taylor* was an immediate sentencing case but there is no basis in the rule to differentiate a court's duty in an immediate sentencing proceeding from any other case.

The language used in the written plea was concise. The procedure to contest the pleas was delineated, and the time frame was set out. By signing the written pleas Hilson acknowledged that he realized he could file a motion in arrest of judgment to contest the pleas of guilty and further acknowledged that he realized filing a motion in arrest of judgment was the only means of contesting the pleas he had entered.

## V. Conclusion

Hilson failed to file a motion in arrest of judgment; therefore, he is precluded from challenging the adequacy of the plea proceeding. Judgment and sentence are affirmed.

**AFFIRMED.**