# IN THE COURT OF APPEALS OF IOWA

No. 16-0059
Filed August 17, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DERRICK JUSTIN GREEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.

Derrick Green appeals his conviction for operating while intoxicated. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Derrick Green appeals his conviction for operating while intoxicated, third offense, claiming his guilty plea was not voluntarily and intelligently entered. We find Green's guilty plea was voluntarily and intelligently entered and the court substantially complied with the requirements of Iowa Rule of Criminal Procedure 2.8(2)(b). We affirm Green's conviction.

On January 21, 2015, Green was charged with operating while intoxicated, third offense, in violation of Iowa Code section 321J.2 (2013). Pursuant to a plea agreement, Green entered a plea of guilty as charged, and the State agreed to not pursue an habitual offender enhancement pursuant to Iowa Code section 902.8. The district court accepted the plea. Green was sentenced to an indeterminate term of incarceration not to exceed five years to run concurrently with charges in a separate case, plus court costs, fees, and a fine. Green did not file a motion in arrest of judgment.[1]

Green now appeals.

We review challenges to guilty pleas for correction of errors at law. *Ortiz*, 789 N.W.2d at 764.

---

[1] Concerning Green's right to file a motion in arrest of judgment, the court advised Green the motion was necessary to challenge or set aside the guilty plea, though the court failed to note the motion was necessary to preserve error for appeal. Normally, the defendant must file a motion in arrest of judgment to preserve error for a challenge to the adequacy of a guilty plea proceeding. *See* Iowa R. Crim. P. 2.24(3)(a); *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). However, where, as here, the sentencing court did not fully explain the requirement of a motion in arrest of judgment for error preservation, the defendant is permitted to challenge the plea on appeal. *See State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004) (finding a court must advise a defendant a motion in arrest of judgment is necessary to challenge the adequacy of a plea proceeding and a failure to file a motion will preclude a defendant's right to challenge the plea on appeal).

Green claims the district court failed to ensure his guilty plea was entered voluntarily and intelligently, specifically he claims the court's colloquy concerning his right to a jury trial was inadequate.

A trial court shall not accept a defendant's guilty plea without "first determining that the defendant's plea is made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b). In determining whether the trial court has met the requirements of rule 2.8(2) in guilty plea proceedings, we apply the standard of substantial compliance. *State v. Taylor*, 301 N.W.2d 692, 693 (Iowa 1981). Substantial compliance means that the defendant has been informed of the matters contained in the rules and understands them. *State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003). In determining if the defendant understands his right to a jury trial, the court's colloquy may include informing the defendant: "1. Twelve members of the community compose a jury; 2. The defendant may take part in jury selection; 3. Jury verdicts must be unanimous." *State v. Liddell*, 672 N.W.2d 805, 813–14 (Iowa 2003) (citation omitted) (discussing the sufficiency of a jury trial waiver in the context of a bench trial). [2] The ultimate inquiry is "whether the defendant's waiver is knowing, voluntary, and intelligent." *Id.* at 814.

Without determining whether the *Liddell* factors are applicable to guilty pleas, we find Green was sufficiently advised about the trial rights he would waive by pleading guilty, including the right to a jury trial:

---

[2] Concerning the waiver of the right to a jury trial, we note there is a distinction between a stipulated trial on the merits, controlled by Iowa Rule of Criminal procedure 2.17(1), and the guilty plea proceeding presented here, controlled by Iowa Rule of Criminal Procedure 2.8(2)(b).

> THE COURT: Do you understand that when you plead guilty, you give up your right to a speedy and public trial before a jury of 12 people?
>
> DEFENDANT: Yes.
>
> THE COURT: That you could not be convicted without a unanimous verdict of guilty by all 12 jurors?
>
> DEFENDANT: Yes.

Upon our review, we find the district court's discussion of the jury trial waiver substantially complied with the rule 2.8(2)(b)(4) requirement Green be informed of his right to a jury trial. While the court's colloquy did not touch on all of the subjects mentioned in *Liddell*, the colloquy was adequate for the court to determine Green's waiver was made voluntarily and intelligently. *See, e.g.*, *State v. Chestnut*, No. 12-0040, 2012 WL 4900477, *5–6 (Iowa Ct. App. Oct. 17, 2012) (finding the district court colloquy stating the defendant had the right to a "speedy and public trial with a jury" substantially complied with the requirements of rule 2.8(2)(b)(4)).

We affirm Green's conviction for operating while intoxicated, third offense.

**AFFIRMED.**