# IN THE COURT OF APPEALS OF IOWA

No. 16-0109
Filed August 17, 2016

**STATE OF IOWA**,
    Plaintiff-Appellee,

vs.

**CHAD DEMEY**,
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for O'Brien County, Patrick M. Carr, Judge.

Defendant appeals his convictions on three counts of sexual abuse in the third degree and one count of lascivious acts with a child. **AFFIRMED.**

Jack Bjornstad of Jack Bjornstad Law Office, Okoboji, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Chad DeMey appeals his guilty pleas and convictions on three counts of sexual abuse in the third degree and one count of lascivious acts with a child. We find DeMey's failure to file a motion in arrest of judgment precludes his ability to directly challenge the guilty pleas on appeal. DeMey has not shown he received ineffective assistance due to counsel's failure to file a motion in arrest of judgment because he has not shown a reasonable probability that, but for the alleged error of counsel, he would not have pleaded guilty and would have insisted on going to trial. We affirm his convictions.

## I.      Background Facts & Proceedings

DeMey was charged with seven counts of sexual abuse in the third degree and three counts of lascivious acts with a child. All of the counts were class "C" felonies. The State alleged DeMey engaged in sex acts with his step-daughter over a period of years.

DeMey entered into a plea agreement in which he agreed to plead guilty to three counts of third-degree sexual abuse and one count of lascivious acts with a child, and the State agreed to dismiss the other charges against him. He signed a written plea agreement, memorializing all its terms. A plea colloquy was held on October 12, 2015. DeMey entered his guilty pleas on the record, and the court accepted his pleas. DeMey was sentenced to a total of thirty years in prison pursuant to the plea agreement. He now appeals.

## II.     Motion in Arrest of Judgment

On appeal, DeMey challenges his guilty pleas.  He did not file a motion in arrest of judgment.  In general, a defendant's failure to challenge the adequacy of a guilty plea proceeding with a motion in arrest of judgment precludes the ability to challenge the plea on appeal.  Iowa R. Crim. P. 2.24(3)(a).  The Iowa Supreme Court has stated:

> Yet, this requirement does not apply where a defendant was never advised during the plea proceedings, as required by rule 2.8(2)(d), that challenges to the plea must be made in a motion in arrest of judgment and that the failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal.

*State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004).  The court must inform a defendant that alleged defects in the plea proceedings are required to be raised in a motion in arrest of judgment and the failure to file such a motion precludes the ability to raise the issues on appeal.  *Id.* at 541.

In this case, the district court informed DeMey of his right to file a motion in arrest of judgment.  The court also stated, "So if you want to file a motion in arrest of judgment to take your plea of guilty back, you've got to make that filing by the 18th of November.  And if you do not, then you would never have a chance to take your plea of guilty back."  We conclude the district court substantially complied with the requirements of rule 2.8(2)(d) by telling DeMey of his right to file a motion in arrest of judgment and telling him he would never have a chance to challenge his guilty plea if he did not file the motion.  *See State v. Fisher*, 877 N.W.2d 676, 681 (Iowa 2016) ("We employ a substantial compliance standard in determining whether a trial court has discharged it duty under rule

2.8(2)(d)."); *State v. Taylor*, 301 N.W.2d 692, 692-93 (Iowa 1981) (finding substantial compliance when the court informed a defendant his "right to question the legality of his plea of guilty" would be "gone" if he requested immediate sentencing).

DeMey's failure to file a motion in arrest of judgment precludes his ability to directly challenge his guilty pleas on appeal. *See* Iowa R. Crim. P. 2.24(3)(a).

### III. Ineffective Assistance

DeMey raises an alternative argument claiming the failure to file a motion in arrest of judgment was due to the ineffective assistance of his defense counsel. DeMey claims his guilty pleas were not knowing and voluntary because the district court failed to require disclosure of the terms of the plea agreement on the record during the plea proceedings and the court did not inquire whether his willingness to plead guilty was the result of prior discussions between the prosecutor and himself or his attorney. *See* Iowa Rs. Crim. P. 2.8(2)(c), 2.10(2). He states defense counsel should have filed a motion in arrest of judgment to challenge his guilty pleas on these grounds.

We review claims of ineffective assistance of counsel de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). A defendant must show (1) defense counsel failed to perform an essential duty and (2) this failure resulted in prejudice. *Id.* A defendant must prove both prongs of a claim of ineffective assistance of counsel by a preponderance of evidence. *Id.*

We may consider the prejudice prong of a claim of ineffective assistance of counsel first. *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015). DeMey asks

us to adopt a per se prejudice test under the Iowa Constitution in cases involving guilty pleas. The Iowa Supreme Court has considered the prejudice prong in cases where a defendant has entered a guilty plea and determined,

> Our standard for the prejudice element in ineffective-assistance-of-counsel claims remains consistent—in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial.

*Straw*, 709 N.W.2d at 138; *see also State v. Feregrino*, 756 N.W.2d 700, 707 (Iowa 2008) ("In *State v. Straw*, . . . this court refused to accept a per se rule of prejudice where there is a deficiency in the court colloquy and acceptance of a guilty plea."). "We are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

Other than advocating for a per se rule of prejudice in cases involving guilty pleas, DeMey does not state how he was prejudiced by counsel's performance. We determine even if defense counsel breached an essential duty by failing to file a motion in arrest of judgment to challenge DeMey's guilty plea on the ground there had not been substantial compliance with Iowa Rules of Criminal Procedure 2.8(2)(c) and 2.10(2), he has not shown by a preponderance of the evidence that, but for counsel's error, he would not have entered guilty pleas and would have insisted on going to trial. We conclude DeMey has failed to show he received ineffective assistance of counsel.

We affirm DeMey's convictions.

**AFFIRMED.**