# IN THE COURT OF APPEALS OF IOWA

No. 16-1018
Filed February 22, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BARBARA KAY SVOBODA,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Guthrie County, Paul R. Huscher, Judge.

A defendant challenges her guilty plea to forgery. **AFFIRMED.**

Susan R. Stockdale, Windsor Heights, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall (until withdrawal) and Kevin R. Cmelik, Assistant Attorneys General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge**

Barbara Kay Svoboda claims her guilty plea was "defective" because the district court did not ensure she understood the nature of the forgery charge and did not review her right to have an attorney at trial. *See* Iowa R. Crim. P. 2.8(2)(b). For the reasons described below, Svoboda may pursue these claims only by alleging her plea counsel was ineffective in failing to file a motion in arrest of judgment. Under that framework, Svoboda fails to show counsel had a duty to challenge the guilty plea or that she suffered prejudice from counsel's performance. Accordingly, we affirm Svoboda's forgery conviction.

In April 2016, the State charged Svoboda with forgery, an aggravated misdemeanor, in violation of Iowa Code section 715A.2(1)(a) and 715A.2(2)(b) (2016). The trial information alleged Svoboda altered the writing of a rental agreement without permission to do so with the intent to defraud another person and/or made, completed, issued, or transferred the rental agreement purporting to be the act of another without authorization. Svoboda also faced six felony charges in two previously filed cases. She reached a plea agreement with the State encompassing all three cases. Svoboda agreed to enter guilty pleas to three class "D" felonies (second-degree theft, identity theft, and forgery), as well as this aggravated-misdemeanor forgery, in return for the State's dismissal of three other counts, including the class "B" felony of ongoing criminal conduct. The State also agreed to forgo filing five perjury counts and additional charges connected to fraudulent state income-tax returns.

At the start of the April 25 plea hearing, the district court asked Svoboda if she had a chance to read the trial information and minutes of evidence

previewing the expected testimony of the State's witnesses. After discovering she had not read them, the court took a ninety-minute recess to allow that to happen. After the break, Svoboda assured the court she had read the charges and confirmed she wanted to plead guilty. The court went through the rights Svoboda was giving up as a consequence of entering her plea, noting Svoboda and her attorney would assist in the selection of a jury and she would have, "through counsel," the opportunity to confront and cross-examine witnesses. The court then established a factual basis for the forgery offense and accepted Svoboda's guilty plea.

At the close of the plea hearing, the court advised: "[I]f you believe there is something improper or illegal about what we've done today, you can challenge the entry of these pleas by filing what's called a motion in arrest of judgment." The court then set out the deadlines for filing that motion and stated: "If you fail to file that motion within that time frame, you'll give up any right you have to challenge the entry of these pleas." Finally, the court told Svoboda if she had any questions about the right to file that motion, or the method for doing so, her attorney could further advise her.

Svoboda's counsel did not file a motion in arrest of judgment on behalf of Svoboda. In June 2016, the district court entered judgment and sentenced Svoboda to an indeterminate two-year term for this aggravated misdemeanor offense, suspended all but 120 days, and placed her on probation for twenty months following the jail term. The court ordered this sentence to run consecutively to the sentences imposed in two other cases. Svoboda now appeals.

We first examine whether Svoboda may directly challenge her guilty plea or may do so only through a complaint about her counsel's performance. Generally, "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R.Crim. P. 2.24(3)(a). But this rule does not apply to defendants who are not properly advised under rule 2.8(2)(d) that failure to file a timely motion in arrest of judgment extinguishes their right to assert the guilty-plea challenge on appeal. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016) (noting "substantial compliance" with rule 2.8(2)(d) will suffice).

Here, the district court substantially complied with rule 2.8(2)(d). The order accepting Svoboda's plea advised that she had the right to contest the guilty plea by filing a motion in arrest of judgment within forty-five days of entering the plea but no later than five days before sentencing. The order stated: "[F]ailure to file a motion in arrest of judgment within that time frame will result in the loss of his/her right to challenge on appeal the Court's acceptance of his/her plea of guilty." This written advisory followed the court's personal admonition to Svoboda that she would "give up any right . . . to challenge" the guilty plea by not filing a timely motion in arrest of judgment. The court's wording was sufficient to "indicate that all avenues for challenging the plea were being cut off" if no motion in arrest of judgment was filed. *See id.* at 681 (describing standard for substantial compliance); *see also State v. Taylor*, 301 N.W.2d 692, 692–93 (Iowa 1981) (finding sufficient compliance when defendant was told if he requested immediate sentencing his right to "question the legality of his plea of guilty" would be "gone").

Because Svoboda was advised of the necessity of filing a motion in arrest of judgment to challenge her guilty plea but opted not to do so knowing the consequences, she is barred from a direct appeal of her conviction. Iowa R. Crim. P. 2.24(3)(a); *State v. Straw*, 709 N.W.2d 128, 132–33 (Iowa 2006). Contemplating this bar, Svoboda raises an alternative argument on appeal that the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel. *See Straw*, 709 N.W.2d at 133. That alternative argument sets the framework for our analysis.[1]

We review Svoboda's ineffective-assistance-of-counsel claim de novo. *See id.* To prevail, she must prove by a preponderance of the evidence (1) her plea counsel failed to perform an essential duty and (2) the breach of duty resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687−88 (1984). Failure to prove either prong is fatal to her claim. *See State v. Shanahan*, 712 N.W.2d 121, 142 (Iowa 2006). Counsel's performance is measured "against the standard of a reasonably competent practitioner with the presumption that the attorney performed [her] duties in a competent manner." *Straw*, 709 N.W.2d at 133. For guilty pleas, the prejudice element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Consequently, Svoboda must show a reasonable probability that, but for counsel's error, she would not have pleaded guilty and would have insisted on going to trial. *See Straw*, 709 N.W.2d at 135–36.

---

[1] We often find the guilty-plea record alone is not sufficient to resolve a claim against counsel on direct appeal. *See Straw*, 709 N.W.2d at 133. But in this case, the record is sufficient to reject Svoboda's claim for lack of prejudice.

Svoboda contends the plea colloquy did not comply with rule 2.8(2)(b) because the district court did not make sure that she understood the nature of the forgery offense and did not inform her about the right to have the assistance of counsel at trial. She contends "her trial attorney should have been aware of [these defects] and should have filed a motion in arrest of judgment."[2]

On the duty prong, we see no flaws in the plea colloquy that called for counsel to file a motion in arrest of judgment. At the outset of the plea hearing, the prosecutor described the specifics of the forgery charge in plain English; the court gave Svoboda extra time to read the trial information and minutes; after reading, Svoboda confirmed she understood the charge and wished to plead guilty. Nothing about the plea hearing suggests Svoboda would have been confused about the nature of the forgery charge. *See State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005) ("The overriding question is whether defendant, on the whole record, understood the elements of the crime and the nature of the charge against [her]." (citation omitted)). As for being informed of her right to the assistance of counsel should she go to trial, the court's colloquy with Svoboda made it clear her trial rights included representation by an attorney. Because these challenges to the plea colloquy would not have been fruitful, Svoboda's counsel had no duty to file a motion in arrest of judgment. *See State v. Utter*, 803 N.W.2d 647, 652 (Iowa 2011) (noting attorneys have "no duty to pursue a meritless issue").

---

[2] In this case, we have the unusual circumstance where the attorney representing Svoboda on appeal was also defense counsel when the plea was entered and that attorney is now alleging her own ineffectiveness. *See generally Bear v. State*, 417 N.W.2d 467, 472 (Iowa Ct. App. 1987) (observing it would not be "realistic" to expect attorneys to raise their own ineffectiveness).

Moreover, even if Svoboda's counsel had breached an essential duty by not filing a motion in arrest of judgment to challenge the alleged deficiencies in the plea colloquy, Svoboda still falls short on the prejudice prong. Svoboda does not argue that, but for counsel's alleged error, she would not have entered the guilty pleas and would have insisted on going to trial. *See Straw*, 709 N.W.2d at 138. In fact, her attorney made a professional statement in the appellant's brief that she discussed the possibility of filing a motion in arrest of judgment with Svoboda—in light of counsel's misstatement at the plea hearing concerning the availability of a deferred judgment—and Svoboda "stated she did not want to take back her guilty pleas." Because Svoboda "fail[s] to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland* . . . test," she is not entitled to relief. *See Hill*, 474 U.S. at 60.

**AFFIRMED.**