# IN THE COURT OF APPEALS OF IOWA

No. 15-0418
Filed May 3, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RONALD ROBINSON GOCHETT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Ronald Gochett appeals his guilty plea. **JUDGMENT AFFIRMED; SENTENCE AFFIRMED IN PART AND VACATED IN PART AND REMANDED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Elisabeth S. Reynoldson, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Vaitheswaran, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**VAITHESWARAN, Judge.**

Ronald Gochett pled guilty to possession of a controlled substance, third offense (marijuana) and eluding. The district court immediately sentenced him to prison terms not exceeding five years and two years respectively, ordered the sentences to be served consecutively for a total prison term not exceeding seven years, and ordered the payment of fines "plus surcharge" but suspended the fines due to Gochett's incarceration.

On appeal, Gochett argues (1) his plea attorney was ineffective in permitting him to plead guilty without ensuring he was properly advised of the maximum and minimum penalties for the offenses and (2) the district court erred in "ordering [him] to pay court costs imposed on charges that were dismissed pursuant to a plea agreement."

*I.* "[R]ule 2.8(2)(b)(2) requires the court to inform the defendant of the 'mandatory minimum punishment' and the 'maximum possible punishment' before accepting a guilty plea." *State v. Fisher*, 877 N.W.2d 676, 685 (Iowa 2016). Gochett contends the district court failed to discuss "any mandatory minimum fines" and "failed to mention any surcharges."

Gochett did not preserve error on this challenge by filing a motion in arrest of judgment. This omission would be forgiven if the district court had neglected to advise him of the consequences of failing to file the motion. *See id.* at 680. In fact, the district court advised Gochett that his request for immediate sentencing would result in a waiver of his right to file a motion in arrest of judgment challenging the plea and he would "be forever barred from filing a motion in arrest of judgment and forever attacking this guilty plea." This advice amounted

to substantial compliance with Rule 2.8(2)(d). *See Fisher*, 877 N.W.2d at 681 (noting court has "found sufficient compliance" when court advised defendant "his right to 'question the legality of his plea of guilty' would be 'gone'" (quoting *State v. Taylor*, 301 N.W.2d 692, 692 (Iowa 1981))). Because Gochett did not file a motion in arrest of judgment after being advised of the consequences of this omission, he failed to preserve error, and he must raise the issue under an ineffective-assistance of counsel rubric. *See id.* at 682 n.3.

We generally preserve ineffective assistance claims for postconviction relief to allow defense counsel to defend the charge. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). But where the record is adequate, we will address the claims on direct appeal. *Id.* Gochett asserts the record is adequate to address the issue. We disagree.

Iowa Code section 911.1(3) (2015) states "[w]hen a fine or forfeiture is suspended in whole or in part, the court shall reduce the surcharge in proportion to the amount suspended." The district court suspended a $750 fine and a $625 fine and checked a box indicating those fines were suspended "due to defendant's incarceration." But the court separately imposed a D.A.R.E. surcharge and a law enforcement initiative surcharge and said nothing about suspending these surcharges. In a colloquy with Gochett, the district court did not inform Gochett of any of these surcharges.

The State concedes "the prosecutor and the trial court neglected to inform [Gochett] of the surcharges that could be imposed." Assuming without deciding Gochett's attorney breached an essential duty in failing to bring this omission to the court's attention, we find the record inadequate to determine whether

*Strickland* prejudice was established. Accordingly, we preserve Gochett's ineffective-assistance-of-counsel claim for postconviction relief.

**II.** Gochett argues "[t]he sentence imposed by the court is illegal in that the sentence requiring Gochett to pay court costs on dismissed counts is neither part of the plea bargain nor authorized by statute." *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). The State agrees "the orders assessing court costs for the dismissed charges are unauthorized and require a remand for correction."

We affirm Gochett's judgment and all portions of his sentence except the assessment of costs on dismissed charges. We vacate that portion of the sentence and remand for resentencing with respect to the assessment of costs on the dismissed charges.

**JUDGMENT AFFIRMED; SENTENCE AFFIRMED IN PART AND VACATED IN PART AND REMANDED.**