**IN THE COURT OF APPEALS OF IOWA**

No. 16-0762
Filed May 3, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MARQUIS TAYLOR,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

A defendant challenges his guilty plea to harassment in the second degree. **AFFIRMED.**

Jesse A. Macro Jr. of Macro & Kozlowski, L.L.P., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall (until withdrawal) and Kevin R. Cmelik, Assistant Attorneys General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Marquis Taylor appeals the judgment and sentence following his guilty plea to harassment in the second degree. Taylor asks us to vacate his conviction because the plea-taking court did not tell him about the mandatory surcharge on his fine. For the reasons described below, Taylor may pursue this issue only by alleging his plea counsel was ineffective in failing to file a motion in arrest of judgment. Under that framework, we affirm Taylor's conviction but preserve his claim counsel was ineffective for possible postconviction-relief proceedings.

The State charged Taylor with second-degree harassment, a serious misdemeanor, in violation of Iowa Code section 708.7(3) (2015), based on a threat of physical harm Taylor voiced to police officers after being arrested for driving while his license was revoked. Taylor signed a petition to plead guilty that included information about the potential incarceration (up to one year in jail), as well as the minimum ($315) and maximum ($1875) fines for serious misdemeanor offenses.[1] *See* Iowa Code § 903.1(1)(b).

The district court accepted Taylor's plea on March 10, 2016, and set sentencing for April 4. At sentencing, the court entered judgment; imposed a one-year jail term, suspending all but seven days; and ordered Taylor to pay the minimum fine of "$315 plus surcharge." That surcharge, mandated under Iowa Code section 911.1(1), is the focus of this appeal.

---

[1] A plea-offer form filed by the State shortly after Taylor's arrest included a check box for "[ ] Fine of $ ___ + 35% surcharge," but that information was not mentioned during the guilty-plea proceedings.

We first examine whether Taylor may directly challenge his guilty plea or may do so only through a complaint about his counsel's performance. Generally, "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). But this rule does not apply to defendants who are not properly advised under rule 2.8(2)(d) that failure to file a timely motion in arrest of judgment extinguishes their right to assert the guilty-plea challenge on appeal. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016) (noting "substantial compliance" with rule 2.8(2)(d) will suffice).

Here, the district court substantially complied with rule 2.8(2)(d). The court spoke with Taylor in person about filing a motion in arrest of judgment if "for whatever reason" the judge should not have accepted the guilty plea; the court explained that by missing the deadline Taylor would "give up [his] right to file that motion, and [he] could not take back [his] guilty plea." *See State v. Taylor*, 301 N.W.2d 692, 692–93 (Iowa 1981) (finding sufficient compliance when defendant was told if he requested immediate sentencing his right to "question the legality of his plea of guilty" would be "gone").

Taylor did not file a motion in arrest of judgment. Accordingly, he is barred from a direct appeal of his conviction. Iowa R. Crim. P. 2.24(3)(a); *State v. Straw*, 709 N.W.2d 128, 132–33 (Iowa 2006). Contemplating this bar, Taylor raises an alternative argument that the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel. *See Straw*, 709 N.W.2d at 133. That alternative argument sets the framework for our analysis.

We review claims of ineffective assistance of counsel de novo. *See id.* To prevail, Taylor must prove by a preponderance of the evidence (1) his plea counsel failed to perform an essential duty and (2) the breach of duty resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687−88 (1984). For guilty pleas, the prejudice element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Consequently, Taylor must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Straw*, 709 N.W.2d at 135–36 (citation omitted).

In *Fisher*, our supreme court decided defendants pleading guilty should be "informed of the mandatory minimum and maximum possible fines, including surcharges."[2] 877 N.W.2d at 686. The *Fisher* court saw "no meaningful difference between a fine and a built-in surcharge on a fine." *Id.* But because the court remanded Fisher's case on a separate basis, it did not decide "whether failure to disclose the surcharges *alone* would have meant the plea did not *substantially comply* with rule 2.8(2)(b)(2)." *Id.* at 686 n.6 (holding "*actual compliance* with rule 2.8(2)(b)(2) requires disclosure of all applicable chapter 911 surcharges").

---

[2] The *Fisher* opinion was issued on April 8, 2016—after the guilty plea and sentencing hearings occurred in the instant case. *Fisher* suggested guilty-plea forms should reflect the minimum fine is not $315 but actually $560.25 when the surcharges are tacked on. *See* 877 N.W.2d at 686 (including 35% criminal penalty surcharge, as well as the $10 drug abuse resistance education (DARE) surcharge and the $125 law enforcement initiative surcharge).

Taylor argues on appeal that competent trial counsel should have known the plea form was deficient and the district court failed to inform Taylor regarding the mandatory surcharges. He contends he was prejudiced "because his lack of information on the consequences of the guilty plea caused him to be ordered to pay a sizable fine and surcharge without proper notice." The State responds that Taylor has not established a breach of duty or prejudice in connection with the plea process despite no express mention of the 35% surcharge. The State alternatively argues we should preserve the claim for postconviction relief.

We embrace that alternative argument. When a defendant raises an ineffective-assistance-of-counsel claim "on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *Straw*, 709 N.W.2d at 133 (discussing options under Iowa Code section 814.7(3)). A defendant who raises an ineffective-assistance claim on direct appeal is not required to make any particular record to warrant preservation for postconviction relief. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). If the defendant requests that we resolve the claim on direct appeal, as Taylor does here, it is for us to decide if the record is adequate to do so. *See id.* If we decide the record is not adequate, we must preserve the issue for a postconviction-relief proceeding, regardless of our view of the claim's potential viability. *Id.* In the context of this guilty plea, we need a more substantial record than the one before us to decipher if Taylor was prejudiced by counsel's performance. *See Straw*, 709 N.W.2d at 138 (observing "only rare cases will the defendant be able to muster enough evidence to prove prejudice without a postconviction relief hearing"); *see also*

*State v. Bascom*, No. 15-2173, slip op. at 2–3 (Iowa Ct. App. Mar. 8, 2017) (preserving claim when court ordered defendant "to pay a fine of $3125, 'plus the appropriate surcharge'"). Accordingly, we affirm Taylor's conviction but preserve for any postconviction action his claim of ineffective assistance of counsel arising out of the guilty-plea proceedings.

**AFFIRMED.**