# IN THE COURT OF APPEALS OF IOWA

No. 19-1291
Filed July 1, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DENNIS WRAY BONIN,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, James A. McGlynn (guilty plea) and Amy M. Moore (sentencing), Judges.

A defendant appeals his judgment and sentence for the aggravated misdemeanor offense of sexual exploitation by a school employee. **AFFIRMED.**

C. Aron Vaughn of Kaplan & Frese LLP, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and May and Greer, JJ.

**TABOR, Presiding Judge.**

School bus driver Dennis Bonin pleaded guilty to the aggravated misdemeanor offense of sexual exploitation by a school employee. He now contends that plea was not knowing and intelligent. He also argues the district court abused its discretion in denying his request for a deferred judgment. Because Bonin received an appropriate advisory on how to challenge his plea, but did not do so, his first claim will have to wait until he seeks postconviction relief. Finding no abuse of discretion in his sentencing, we affirm.

Bonin drove a bus for the Iowa Falls-Alden School District. According to the minutes of testimony, he touched the clothed buttocks of a fourteen-year-old passenger for the purposes of arousing or satisfying his sexual desires. Sixty-six year-old Bonin entered an *Alford* plea[1] to sexual exploitation, in violation of Iowa Code section 709.15(5)(b) (2018), an aggravated misdemeanor, in January 2019.

On appeal, he argues his plea did not comply with Iowa Rule of Criminal Procedure 2.8(2)(b).[2] In particular, he complains the court did not tell him he could incur surcharges on his fines. *See State v. Weitzel*, 905 N.W.2d 397, 406 (Iowa 2017). He also argues the plea-taking court wrongly advised him he would not need to register as a sex offender if he received a deferred judgment. We review for correction of legal error. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).

---

[1] An Alford plea allows a defendant to enter a guilty plea without admitting guilt. *See North Carolina v. Alford*, 400 U.S. 25, 39 (1970).

[2] Recent amendments to Iowa Code section 814.6 limit direct appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140, § 28. But those provisions do not apply to cases like this one where the district court entered judgment before July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

The State argues Bonin failed to preserve error on these guilty-plea claims because he did not move in arrest of judgment. *See* Iowa Rs. Crim. P. 2.8(2)(d), 2.24(3). Bonin maintains we should forgive this omission because the district court neglected to advise him of the consequences of failing to file the motion. *See Fisher*, 877 N.W.2d at 680.

The plea-taking court gave Bonin this warning:

> You have the right to file what's called a motion in arrest of judgment. If for any reason you want to try to undo this guilty plea, there's no guarantee that you'd be able to, but if you want to try to undo this guilty plea for whatever reason, you have to file this motion in arrest of judgment. And that's an odd sounding term. What it means is to stop the sentencing. So you can file this motion.
>
> The important point that I want to get across to you if you are ever going to do it, you have to do it timely. You have to do it within at least forty-five days of today and in any event no more than—no less than five days before the sentencing. So the key deadline here is within forty-five days of today because I'm setting the sentencing quite a ways down the road. If you don't timely file a motion in arrest of judgment, then you forever lose the right to file that kind of motion.

But Bonin insists, because the court did not "mention the word appeal," the advisory fell short. Our case law is not that strict. The court gave Bonin adequate notice of the consequences of not filing the motion by saying it would cause him to "forever lose" the right to "undo this guilty plea for whatever reason." And it further cautioned him that "if you are ever going to do it, you have to do it timely." We have found similar advisories sufficient. *See, e.g.*, *State v. Taylor*, 301 N.W.2d 692, 692 (Iowa 1981) (warning that right to "question the legality of his plea of guilty" would be "gone"); *State v. Akin*, No. 18-1378, 2019 WL 2151675, at *1 n.1 (Iowa Ct. App. May 15, 2019) (informing defendant he would "forever lose" his right to challenge the plea unless he moved in arrest of judgment); *State v. Gochett*, No. 15-0418, 2017 WL 1735606, at *1 (Iowa Ct. App. May 3, 2017) (advising defendant

would be "forever barred from filing a motion in arrest of judgment and forever attacking this guilty plea").

Because he did not move in arrest of judgment, Bonin cannot challenge his guilty plea on direct appeal. In the alternative, Bonin asks us to preserve these claims for a postconviction proceeding. Indeed, Bonin is free to raise these alleged deficiencies as ineffective-assistance-of-counsel claims if he seeks relief in a collateral action. *See* Iowa Code § 814.7.

Next we turn to his sentencing issue, which we review for an abuse of discretion. *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018) (finding no abuse where the imposition of a prison sentence for sexual exploitation offense was not based "on grounds clearly untenable or to an extent clearly unreasonable"). Bonin asked the court to defer judgment. The district court refused to do so. Instead, the court sentenced him to a term not to exceed two years with all but thirty days suspended. The court offered this rationale for ordering jail time:

> Mr. Bonin, I've imposed this sentence for a number of reasons. I have reviewed the presentence investigation report thoroughly as well as the exhibit that was filed here today on behalf of the State.[3] And I heard and listened to the victim of your offense come here today and read her impact letter to the court.
> Now, while I have considered that your prior criminal record does not note offenses of this type, my concern is the point at which you let things escalate to with your contact . . . . You were in a position of trust, of community trust, of parental trust, and you violated that trust in the worst possible way.
> It's this type of behavior that causes parents fear and concern when their children go off to school with folks that are entrusted to

---

[3] The presentence investigation report recommended a suspended sentence and probation. The State offered an exhibit showing suggestive Facebook messages sent by Bonin to the victim.

care for them. I believe affording a jail sentence in this matter is appropriate.

The sentencing court also expressed concern that Bonin continued to "minimize his conduct in this offense." As an example, the court pointed to Bonin's anemic apology from the PSI: "I'm really sorry if I caused problems for anyone. That was never my intention."

Bonin argues the court abused its discretion by focusing on his "betrayal of trust," contending—by their nature—all sexual exploitation offenses share that characteristic. We reject his argument. The court's reasoning did not reveal a fixed sentencing policy. *Cf. State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (vacating sentence when "court's personal, well-defined rule precluded the exercise of its discretion in rendering judgment"). Rather, the court weighed the pertinent factors and properly exercised its discretion. *See* Iowa Code § 901.5.

Bonin also contends the court miscalculated the weight to give aggravating factors in imposing the jail term and undervalued his redeeming features. Before deferring judgment, the court must consider "the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing." *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). But the application of these factors "will not always lead to the same sentence." *Id.*

The record shows the court considered the relevant factors, aggravating and mitigating, before deciding Bonin's inappropriate touching and communications with the victim merited a jail sentence and ongoing supervision.

Plus, the court was rightly troubled by Bonin's reluctance to take responsibility for his actions. *See State v. Knight*, 701 N.W.2d 83, 89 (Iowa 2005) (finding lack of remorse a pertinent sentencing factor even when defendant enters *Alford* plea). The bottom line is that we decline to second guess the weight the court gave the various factors. *See Formaro*, 638 N.W.2d at 725.

**AFFIRMED.**