# IN THE COURT OF APPEALS OF IOWA

No. 19-1129
Filed October 7, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**THOMAS M. YARGES JR.,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Robert B. Hansen, Judge.


Raising a claim of ineffective assistance of counsel, the defendant requests vacation of his convictions, sentences, and judgments and then a remand so the court will enforce what he believes to be his plea agreement. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

Thomas Yarges pled guilty to third-degree criminal mischief, two counts of driving while barred, and stalking. Yarges asks that we vacate his convictions, sentences, and judgments and remand his case for further proceedings based on his claim the district court improperly applied his plea deal. He frames his case under a theory of ineffective assistance of counsel.[1] The State argues Yarges's counsel effectively represented him and the plea terms were followed by the district court.

**Proceedings.**

In September 2018, Yarges was charged by trial information with criminal mischief in the second degree, a class "D" felony (case FECR318507). Later that month, he was charged with another offense, driving while barred, an aggravated misdemeanor (case AGCR319612).

In November 2018, Yarges pled guilty to the driving-while-barred charge from case AGCR319612. Yarges's AGCR319612 plea agreement read

and use of a pre-sentence investigation report.
The plea agreement is: plea as charged; CA will join recommendations on probation matter; $625~CLEC

The court accepted the written guilty plea and set sentencing for a later date.

Sentencing on case AGCR319612 did not take place before Yarges's trial on the second-degree criminal mischief charge was set to begin. On April 8, 2019, while dealing with pretrial matters, the State advised Yarges it had evidence he

---

[1] Because the court entered judgment and sentence on June 7, 2019, before the effective date of the amendments to Iowa Code sections 814.6 and 814.7 (2019) on July 1, 2019, we have jurisdiction to consider this appeal. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

was in contact with the victim of the criminal-mischief charge, which it believed was a violation of Yarges's probation and constituted the additional crime of stalking. The State indicated that if Yarges pled guilty to criminal mischief in the second degree, the State would not file a notification that Yarges violated the no-contact order or a stalking charge. Additionally, the State orally offered Yarges a plea deal, stating:

> So what the State is offering is the defendant pleads guilty as charged to the felony criminal mischief. *It would run consecutive to the probation matters.* It is not a forcible felony. It does not mandate prison time. It would be a joint recommendation for ten years, [presentence investigation report], with, at the time of sentencing, free to argue.

(Emphasis added.)

No mention was made of his driving-while-barred misdemeanor from case AGCR319612 in this plea deal. Yarges rejected the offer and said he wanted to go to trial.

However, a short time later, the court filed an order granting the State's oral motion to amend the FECR318507 trial information to add a driving-while-barred charge and a stalking charge. The second-degree criminal mischief charge was reduced to third-degree criminal mischief. At about the same time, Yarges filed a written guilty plea to all three charges—all aggravated misdemeanors. The intent was to plead guilty to the three misdemeanors to avoid a felony conviction.

In FECR318507, the handwritten plea agreement provided[2]

The plea agreement is: *plead to Ct I-III consec to FECR 297039+ SRCk 296490; 625 fine x3 + CC + surcharge — parties free to argue sentencing*

---

[2] FECR297039 concerned the revocation of Yarges's probation matters involving a suspended five-year sentence.

The court accepted his guilty pleas in FECR318507 the same day.

The judgments and sentences for AGCR319612 and FECR318507 were consolidated and entered on June 7. In the sentencing proceeding, the prosecutor discussed his understanding of the plea agreement

> Your Honor, back on April 8, 2019, we were actually set for trial in Case No. FECR318507 when [Yarges] pled guilty to an Amended Trial Information to Count I, criminal mischief in the third degree, a lesser-included offense; Count II, driving while barred; Count III, stalking; as well as the defendant had previously pled guilty in AG319612 to a separate driving while barred event.
>
> Pursuant to the plea agreement, Your Honor, it's a joint recommendation to the court that these be convictions, that they be consecutive sentences, and that the six years in [FECR318507] run consecutive to the two years in [AGCR319612] for eight and that that eight years runs consecutive to the five years [Yarges] already has sentenced in his probation matters. So it's a joint recommendation that it's a 13-year sentence.

But Yarges had a new lawyer who was denied a last minute continuance and appeared to not understand the specifics of the plea agreement. With Yarges present, a long discussion occurred between counsel and the court about the plea terms involving the thirteen-year sentence and the ability to ask for probation. Yarges then offered, "But to make me take these pleas and I take—I thought it was six years, three deuces. Then I found out it was four deuces and stack it." He continued, "And I didn't realize there was four deuces. I thought it was three. I just hadn't seen the sentencing order in a long time. But I guess it is what it is. And I'm really—I'm ready to accept the consequences." The court then sentenced Yarges to consecutive two-year terms of imprisonment for each of the four convictions. It also revoked his probation in SRCR296490, imposed a five-year prison sentence in that case, and then ran all of the terms consecutively for a total term of thirteen years. The court suspended the fines and waived reimbursement

for Yarges's attorney fees. Before leaving the hearing, the district court corrected the record and noted there were two driving while barred charges, one in FECR318507 and one in AGCR319612, but Yarges commented "I only had one driving while barred." No one addressed his comment.

Yarges appealed.

**Ineffective Assistance of Counsel.**

We review ineffective-assistance-of-counsel claims de novo. *State v. Ondayog*, 722 N.W.2d 778, 783 (Iowa 2006). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A defendant claiming ineffective assistance must prove both that counsel's performance was deficient and that prejudice resulted. *Id.* at 687; *see also State v. Williams*, 695 N.W.2d 23, 28–29 (Iowa 2005). An attorney fails to perform an essential duty when the attorney "perform[s] below the standard demanded of a reasonably competent attorney." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "We presume the attorney performed competently, and [Yarges] must present 'an affirmative factual basis establishing inadequate representation.'" *See Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008) (quoting *State v. Oetken*, 613 N.W.2d 679, 683 (Iowa 2000)). To prove that the attorney's error caused prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see Ledezma*, 626 N.W.2d at 143. Finally, the defendant's failure to prove either element by a preponderance of the evidence

is fatal to the ineffective-assistance claim. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

The State concisely addressed the core issue of this case:

> Yarges now contends that the plea agreement did not include a provision that the sentence imposed in AGCR319612 be imposed consecutive to the sentences imposed in FECR318507. Though the written plea agreements in AGCR319612 and FECR318507 do not include this provision, it is likely that plea counsel understood the terms of the plea to include this term and would have had no reason to file a motion in arrest of judgment.

Yet with those written plea petitions in hand, in its order accepting Yarges's April guilty plea in FECR318507, the district court summarized the *joint* plea recommendation as follows:

> Barring any new criminal activity or violation of this order, at sentencing the parties will recommend: ***It is a JOINT RECOMMENDATION for CONSECUTIVE SENTENCES of SIX (6) YEARS, CONSECUTIVE to AGCR319612 & probation violations in FECR297039 & SRCR296490 for a total term of incarceration not to exceed THIRTEEN (13) YEARS. The Parties will be free to argue.***

Then the sentencing order read:

> **CONSECUTIVE SENTENCES.** Pursuant to Iowa Code §§ 901.5(9)(c) and 901.8, the sentence(s) of incarceration shall run:
> FECR318507-COUNTS ONE, TWO, THREE & AGCR319612 shall run CONSECUTIVE to each other for EIGHT (8) YEARS;
> -AND-
> The EIGHT (8) YEAR sentence in FECR318507 & AGCR319612 shall run CONSECUTIVE to the PROBATION VIOLATIONS in FECR297039 & SRCR296490; **for a total period of incarceration not to exceed THIRTEEN (13) YEARS.**

The sentencing order noted the sentences are consecutive "in order to carry out the plea agreement." Other than Yargas's vague references to only one driving-while-barred charge and expecting "three deuces" instead of "four deuces," we are left with little information about what the actual plea agreement language means.

While Yargus is not a novice to the criminal justice system, he is entitled to the enforcement of plea terms jointly agreed upon between him and the State.

On de novo review, we are unable to determine if the failure of his counsel to object to the plea agreement was warranted because the terms are confusing. If the record does not adequately present the issues, they are more properly addressed in a postconviction-relief hearing. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006); *State v. Ueding*, 400 N.W.2d 550, 553 (Iowa 1987).

With little information in this record about the interplay between the two written plea agreements in AGCR319612 and FECR318507, we do not know if Yarges got the benefit of his bargain. *See State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015) (analyzing "whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain"). The district court was never alerted by any counsel that the sentencing order did not follow the plea agreements, if that was so. Thus, we are unable to rule on this ineffective-assistance claim at this stage of the proceeding. Generally, we preserve such claims for postconviction-relief proceedings. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). "We prefer to [p]reserve such questions for postconviction proceedings so the defendant's trial counsel can defend against the charge." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). "We will resolve the claims on direct appeal only when the record is adequate." State v. *Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Here it is not. In a postconviction-relief action, Yarges can call the attorney who represented him at the time the plea agreement

was entered into to explain how the two agreements were meant to interplay—something his counsel at the time of sentencing could not do.

We affirm Yarges's convictions and sentences but preserve his claim of ineffective assistance of counsel for possible postconviction-relief proceedings.

**AFFIRMED.**